## FOWLER a. KENNEDY.

*Supreme Court, First District ; General Term, December,* 1855.

PLEADING.—ABATEMENT.—NON-JOINDER.—JOINT LIABILITY.

What is sufficient evidence of a joint liability.

The rule of the old system of pleading that the defendant who pleads in abatement the non-joinder of parties defendant " must give the plaintiff a better writ," is still in force.

Appeal from an order dismissing the plaintiff's complaint.

This action was brought by Francis D. Fowler and De Grasse B. Fowler, against John Kennedy, Samuel Smith, and Oliver S. Halsted, Jr., to recover for stores and provisions furnished by them to the bark Griffon.

The complaint stated that the defendants were indebted to the plaintiffs in the sum of $656 74, balance of account for stores and provisions furnished to the bark Griffon, February 1, 1849, at which time that vessel was loading at New York preparatory to sailing to California. That the plaintiffs had a lien on the vessel for their claim. That after the stores were furnished, and before the Griffon sailed from New York, she was sold to the defendants subject to all liens, including that of plaintiffs, and the defendants then promised to pay the claim of the plaintiffs. That in consideration of this promise the plaintiffs permitted the Griffon to sail, without enforcing their lien. That the defendants had made a part payment, and still owed $656 74, for which judgment was demanded.

The answer of the defendants denied any indebtedness to plaintiffs, and the existence at any time of any lien on the Griffon in favor of the plaintiffs, and any promise to pay the plaintiff's claim as alleged in the complaint. It also denied that the Griffon was ever sold to the defendants, subject to any liens; and set up that at the time of the alleged sale, the Griffon was, and still continued to be, owned by an association consisting of Stoutenburgh, Halsted, Price, Canfield, Richards, Fox, and others their associates, who caused the bill of sale of the bark to be executed and delivered to the defendants as

trustees of the association; and that the defendants held the title to the vessel as trustees only, which was known to the plaintiffs, and had never made any agreement to pay any liability of the vessel. The answer also set up defects in the quality of the goods and provisions furnished the Griffon by the plaintiffs. In the last clause of the answer the defendants took certain objections to the sufficiency of the complaint; *e. g.* that the plaintiffs did not show how they acquired a lien upon the Griffon, and that they did not show that the promise of defendants to pay for the goods furnished was in writing.

The plaintiffs replied, denying the matters set up in the answer.

On the trial, before Mr. Justice Edmonds and a jury, April 19, 1853, after evidence had been put in and the parties had rested, the judge dismissed the complaint, on grounds which appear in the opinion of the general term. The plaintiffs appealed.

*W. M. Evarts*, for appellant.—I. In the purchase and outfit of the bark Griffon all the associates were *partners*, and liable each, *in solido*, for the debts contracted for the purposes of the enterprise and within the objects of the partnership. (Mumford *v.* Nicoll, 20 *Johns.*, 611 ; *Story's Partn.*, § 441, and cases cited). If defendants were members of the association, either when the provisions were ordered or when they were furnished to and received by the association, they are liable for the debt contracted for them. There was clear evidence that the defendants were all members before the provisions were ordered, and they confessedly were before they were delivered.

II. As part owners of the bark Griffon, whether partners or not, each of the association was liable, *in solido*, for this debt contracted for provisioning the vessel for a voyage planned and undertaken with his assent and approval. (*Story's Partn.*, § 419, 440). Such assent and approval need not be express to the particular contract, but may be implied from the acts of the associates in the enterprise, and from the nature and necessity of the supplies. (*Story's Partn.*, § 446, 455).

III. The non-joinder of the other associates as defendants, is no bar to a recovery against the defendants sued. 1. At com-

mon law the non-joinder was pleadable only in abatement, and by the Code the objection of defect of parties can be taken only by demurrer or answer, and if not so taken is waived. (*Code*, § 144, *Subd.* 4; § 147, 148). 2. The objection of parties defendant is not taken in the answer, but if there taken is waived by answering on the merits. (Gardiner *v.* Clark, 6 *How. Pr. R.*, 449).

IV. The claim of the plaintiffs was a lien on the vessel up to and at the time of sailing. The vessel was a *foreign* vessel (owned out of the State) and a debt for supplies is a lien by the maritime law. (The Nestor, 1 *Sumner*, 73; The Robert Fulton, 1 *Paine*, 620). If a domestic vessel, then the claim was a lien by statute. (2 *Rev. Stats.*, 493). Forbearance to enforce this lien by libel and permitting her to proceed to sea, were a good consideration for a promise. The plaintiffs lost their lien as well as their present remedy *in rem*, and suffered a detriment; the defendants secured the sailing of the vessel and gained an advantage. (3 *Stephens' N. P.*, 1967, and cases cited).

V. If such promise (upon the consideration last above stated, or upon their original indebtedness,) was not proved against the *three* defendants, it was fully proved against Halsted and Smith, and plaintiffs were entitled to a verdict against them. (*Code*, § 136, 274; *Voorhies' Code, Supp.*, 60, 170; People *v.* Cram, 8 *How. Pr. R.*, 151). If Halsted and Smith had been sued without Kennedy, upon the proof, a judgment might have been had against them; the joinder of Kennedy does not prevent such judgment. (*Code*, § 136, *Subd.* 3).

VI. There was evidence to submit to the jury, and which would have supported their verdict, that the special promise of defendants Halsted and Smith, was in the name of the three defendants, and by the authority of the defendant Kennedy.

*Nelson Chase*, for respondents.

COWLES, J.—The defendants were all members of the association on whose behalf the bark Griffon was bought and provisioned.

The defendant Halsted belonged to it from the first.

Kennedy and Smith came into it early in January, 1849.

The defendants were all members of the association before the bark was purchased, for they were the parties designated by the association to receive in trust for the associates the bill of sale of the vessel.

The object of the association was to purchase a ship and provision her for two years, on board of which each associate or a representative was to go to California, to be absent two years. What business they were to engage in at California does not appear, but the agreement was that on the return of the vessel the bark was to be sold, and the persons going were to divide the profits of the enterprise. Two years' stores were put in the ship.

The full number of associates was made up to fifty before January 31, 1849, and consequently before the three defendants were appointed to take the bill of sale of the bark; for by the resolutions of 31st January, a committee of five was named to take the bill of sale, while it was not until the 28th of February following that the change was made and the defendants appointed.

The provisions were all contracted for in January, and delivered between that time and the day of the bark's sailing, and they were *bought by a committee appointed by the association* for that purpose.

Under the above state of facts—and in regard to them, there was no contradiction in the testimony—it seems to me it was at the most a question for the jury to determine whether all of the associates were not contracting parties through their committee, ánd all jointly liable for this purchase of goods.

If the association was fully made up, and the defendants were all members, and a part of the object of the association was to make just such a purchase as this on joint account, and such purchase was made by orders of the associates, they were all liable, including the defendants.

Even if the full number of fifty had not, at the time of the purchase, been made up, yet those who had signed the articles and ordered the supplies were liable, whether those who subsequently signed became jointly liable with them or not.

One thing appears clear, and that is that the bill was incur-

Fowler *a.* Kennedy.

red by the orders of all those who had become members of the association at the time the bill was contracted, and there cannot be a reasonable doubt that at such time all of the defendants were members, and joined in directing this purchase to be made.

It was, therefore, erroneous for the learned judge to hold that there was no proof of joint liability on which to charge the defendants.

It is urged that if any liability on the part of the defendants is proved, it is one which was incurred by them *jointly with others* of the associates, and that all should have been *joined in the action.*

The rule is the same since that it was before the Code in this respect. If a defendant insists that his liability is joint, and that others who are jointly liable with him should be joined in the action—as he always may where such is the fact—he must not only plead the non-joinder, but in so doing must point out all those who, as he claims, should be made parties defendant.

In the language of the pleaders before the Code, if he pleads *in abatement* he must give the plaintiff a better writ, and with reason, for the defendant is always held to know who his associates in a contract are. But if the defendant fails properly to plead the non-joinder of parties defendant in an action *ex contractu,* he cannot set up such non-joinder afterwards. In such case, if the plaintiff establishes a cause of action, he will be entitled to judgment even though there are others jointly liable who are not sued.

In this case the defendants, in the seventh division of the answer, plead a non-joinder of parties defendant, but while so pleading, they fail to point out the names of the parties who should be brought in as co-defendants with themselves. The answer in that respect is defective. The plaintiffs cannot be turned out of court for neglecting to bring in the other associates when the defendants themselves, who well knew who they were, had failed to point them out.

I think the learned judge erred in dismissing the complaint.

I also think he should have submitted to the jury, under the proof, to say whether the defendants did not, in connection with others, authorize the supplies in question to be furnished,

for the proof would have sustained such a verdict if found, and then the defendants would have been liable as joint contractors with the other associates in this enterprise who ordered the provisions to be bought, and such a state of facts would have entitled the plaintiffs to a verdict in this action.

The judgment dismissing the complaint should be set aside, and a new trial ordered—costs to abide the event.

---

## HAHN a. HULL.

*New York Common Pleas ; General Term, December,* 1855.

PROMISSORY NOTE.—ENDORSER.—SUFFICIENCY OF COMPLAINT.

If, in any case, one who writes his name on the back of a negotiable promissory note before the payee endorses it can be held liable to such payee as endorser, it is not enough to aver in a complaint by such payee, simply that the defendant " endorsed the note to induce the plaintiff to accept the same."

Whether in any case such an endorser is liable, in any other relation than as second endorser, or to any one except to such as became parties to the note in order of succession subsequently to himself.—*Query ?*

Appeal from a judgment rendered at special term, in favor of plaintiff on demurrer to a complaint.

*Bliss & Wells,* for appellants.

*James D. Clark,* for respondent.

WOODRUFF, J.—The plaintiff in this action avers in his complaint that the defendant, Parsons, made his promissory note, whereby he promised to pay to the order of plaintiff, three hundred dollars, for value received, and that the appellant " Hull, endorsed the said note to induce the plaintiff to accept the same." He then avers presentment at maturity, demand, non payment by Parsons, and notice to Hull—and that he, (the plaintiff), is now the lawful holder and owner of the said note. To this complaint the defendant, Hull, interposed a