WOOSTER and others *vs.* CHAMBERLIN.

It is the right of a party who is sued, to require that any other person jointly
liable with him for the debt shall be made a co-defendant. The omission,
by the plaintiff, to sue all the joint contractors, may be set up as a defense,
in the answer, and is a complete defense to the suit.

If the answer, setting up such a defense, is defective, in not averring that the
other joint contractor is still living, the defect may be cured by the proof,
on the trial.

After full proof of the answer, and of all the facts essential to sustain the de-
fense, without objection, it is too late to overrule the answer on the technical
ground that it does not contain the averment that the joint debtor omitted
to be joined as a defendant is still alive.

APPEAL from a judgment entered upon the report of a
referee. The following facts were established by the
proofs: That in the year 1849, and prior and subsequent to
that time, the defendant, Henry Chamberlin, and James Wood,
jun. were attorneys and counsellors at law, doing business at
Geneseo, in the county of Livingston, as joint partners, under
the firm, name and style of Chamberlin & Wood. That in
the said year 1849, one John S. Royce commenced an action
in the supreme court against Sanford A. Hooper, by Chamberlin
& Wood, his attorneys; that the action was defended by said
Hooper; that on the 3d day of October, 1851, the plaintiff
obtained the judgment against the said Hooper which is the
subject matter of this action; that from that judgment the
defendant Hooper appealed to the general term of the supreme
court; that the general term affirmed the said judgment; that
judgment of affirmance was entered up on the 23d day of Feb-
ruary, 1855, and on the same day an execution was issued on
said judgment by Wood, as plaintiff's attorney; that on the
18th day of April, 1855, the judgment was satisfied by the
sheriff taking the note of Hooper, and that the sheriff settled
with Chamberlin & Wood by applying the amount of the
note so taken against Hooper, on a note which the sheriff held
against Chamberlin & Wood. It also appeared that after the
rendition of said judgment, and pending the said appeal, to
wit, on the 29th January, 1854, Royce assigned the said judg-

ment to William W. Wooster; that afterwards and before the commencement of this action Wooster died, and that the plaintiffs were appointed his administrator and administratrix. That in December, 1846, the plaintiff commenced this action, and in the complaint set forth the recovery of the judgment on the 3d day of October, 1851; that the defendant was one of the attorneys for the plaintiff in the action in which said judgment was obtained; that the said judgment was on the 1st day of January, 1854, assigned by said Royce to William W. Wooster, the plaintiff's intestate; that after the rendition of said judgment an execution was issued thereon to the sheriff of Livingston county; that the amount of said judgment and interest was collected by the sheriff, and on or about the 1st day of May, 1855, were paid by the sheriff to the defendant, Henry Chamberlin, as the attorney in said action; that payment to the amount of said judgment and interest, inclusive of costs, was in October, 1856, demanded of the defendant, and the plaintiffs demanded judgment for $320.67, and interest from the 3d day of October, 1851. The defendant's answer set up, 1. A general denial of the allegations of the complaint. 2. That at the time of the commencement of the said action of Royce v. Hooper, the defendant and James Wood, jun. were joint partners in the practice of the law, doing business under the firm name and style of Chamberlin & Wood; that the said firm was retained by Royce to commence and prosecute the said action; that they did prosecute the same, and that the money collected on the judgment in said action was paid to and received by the said Chamberlin & Wood as the attorneys for Royce, and not otherwise. 3. That at the time of the assignment of said judgment by said Royce to Wooster, the said Royce was indebted to Chamberlin & Wood in the sum of $1000 for professional services rendered by said firm for Royce at his request, and which was due and owing from said Royce to Chamberlin & Wood at the time of said assignment, and claimed to set off so much of said indebtedness as would be sufficient to pay any claim that

the plaintiff might establish on the trial. 4. That the said Chamberlin & Wood had a lien on the moneys collected on said judgment, for services rendered on the appeal, to the amount of $200, and claimed that that sum should be deducted from the amount of said judgment in the hands of the assignee. To this answer there was no reply. The action was tried before a referee, who reported in favor of the plaintiff for $331.11, for which sum judgment was entered.

*James Wood,* for the appellant.

*A. M. Bingham,* for the plaintiff.

*By the Court,* E. DARWIN SMITH, J. The complaint in this action states that the defendant was one of the attorneys for the recovery of a judgment in favor of Royce against Hooper, which it claims was paid to the defendant. The money which it is claimed was received by the defendant, by the plaintiff's own showing, was received by him as one of a partnership, composed of two or more attorneys. The answer sets up that the said partnership was composed of the defendant and James Wood, jun., who are jointly liable to the plaintiff for such money. The answer sets up a perfect defense in the non-joinder of Wood as a co-defendant. The only exception which could have been taken to such answer on demurrer, is that it does not aver that said Wood was still living. This defect was entirely cured by the proof on the trial. The said partner, Wood, was called as a witness, and fully proved the answer, without dissent or objection. After full proof of the answer and all the facts essential to sustain the defense, it was too late to overrule this answer or the defense interposed by it, on the technical ground that the answer did not contain the averment that Wood was still alive. The objection should then have been disregarded by the referee, or the answer allowed to be amended, to conform to the proof. It is the right of a party who is sued, to require that any other person jointly

liable with him for the debt shall be made a co-defendant. The omission of a plaintiff to sue all the joint contractors may be set up as a defense, and is a complete defense to the suit. The non-joinder is matter to be set up in bar of the action, and is to be treated like any other valid defense. (*Leavitt* v. *Tuttle*, 4 *Kern.* 465.) The referee clearly erred in overruling the defense in this case, and the judgment should be reversed and a new trial granted.

New trial granted; costs to abide the event.

[Monroe General Term, December 6, 1858. *Welles, Smith* and *Johnson,* Justices.]