---

## SUPREME COURT.

### JAMES WILLIAMS agt. MARTIN BARNAMAN.

Before a *justice of the peace* is authorized to proceed with the action in which an *attachment* has been issued, it is necessary that he should have the *officer's return* to the attachment, showing a *service of it* in the manner provided for by the statute. It is the only manner in which the justice can acquire *jurisdiction*. The return of the officer is the *evidence* to be furnished to the justice that the statute has been complied with.

Where the defendant has had no *personal notice* of the suit, by the service of the attachment upon him, it is vitally important that the different steps prescribed by the statute should be accurately followed.

Where the return of the constable stated " that a copy of the attachment was left with Barnaman's (defendant's) wife, at Martinsville, as defendant cannot be

found in this county," without an inventory, or any statement that the property had been seized under it: *Held*, that the return was so *fatally defective*, as not to afford any protection to the plaintiff in the sale he afterwards made of the property under an execution upon the judgment recovered in that suit.

The rule is well settled, that where a statute prescribes a new mode of proceeding, either unknown to the common law, or contrary thereto, the statute, so far at least as those parts of it essential to jurisdiction are concerned, must be not only proved, but shown to have been strictly pursued, or the proceeding will be held a *nullity*. The same rule applies to courts of limited and special jurisdiction, as justices' courts. Nothing is presumed in their favor so far as it respects jurisdiction; and the party seeking to avail himself of their judgments must show affirmatively that they had jurisdiction.

*Erie Special Term, July*, 1864.

MOTION for a new trial on a case containing exceptions, The facts sufficient to present the questions determined, appear in the opinion.

GEO. W. COTHRAN, *for plaintiff.*

I. The affidavit upon which the attachment was issued is fatally defective. It does not show that the demand claimed rose upon contract. This fact should appear in it affirmatively. (3 *R. S.* 462, §§ 214, 215, 216, *5th ed. ; Waters* agt. *Whitamore*, 13 *Barb. S. C. R.* 634; *Cowen's Treatise, by Tracy*, § 834; 14 *Barb. S. C. R.* 96.)

An attachment can issue from a justice's court against the property of non-residents of the county for demands arising on contract only.

In this case the affidavit states that the claim is founded " on a demand arising upon keeping their horses." This statement does not show that the demand rose upon contract, nor does it prove the existence of a contract between the affiant and the parties proceeded against, relative to the keeping of the horses. It does not show any consent or request of the defendants that the affiant should keep their horses, nor any price, time, place or circumstance of the keeping. No privity of contract is shown by it, nor anything from which a contract could fairly be presumed, and it is just as fair to presume that they were wrongfully

kept as rightfully. But this is a statutory proceeding, and no mere presumptions can be indulged. The affidavit must, conform to the requirements of the statute, state in express terms that the demand arose on contract; or it must contain such an explicit statement of facts, as that the court can readily see that it grew out of contract. (*Cook* agt. *Farren*, 34 *Barb. S. C. R.* 95; *Adkins* agt. *Brewer*, 3 *Cow. R.* 206.) It does not state that the demand is not for the recovery of money collected by a public officer, &c., as required by statute. (3 *R. S.* 462, § 212, 5*th ed*; *Waters* agt. *Whitamore*, 13 *Barb. S. C. R.* 634.) The statement at the end of the affidavit " that no warrant can issue in this case," is a mere conclusion of law.

II. The bond taken by the justice on the issuance of the attachment, was void for the want of sufficient sureties. The statute provides that " before any attachment shall issue, &c.," the " plaintiff, or some one in his behalf, shall execute a bond in the penalty of at least one hundred dollars, with such sureties and upon such conditions as is required by section 29, art. 2, tit, 4, chap. 2, part 3, R. S." (*Session Laws* 1842, *ch.* 107; *Id.* 3 *R. S.* 463, § 217, 5*th ed.*) Section 29 states the conditions of the bond, and that the sufficiency of the sureties shall be approved by the justice, &c.

In this case there is no surety in the bond at all, and the justice's docket shows that the bond taken was the bond of the affiant. Even if the court should conclude that C. S. Hawley, whose name is signed to the bond, is a surety and not a subscribing witness, I contend that the statute requires at least two sureties. The act of 1842, amendatory of the non-imprisonment act, requires a bond " with sureties," while the Revised Statutes require but one. This is a proceeding under the act of 1842. (*Davis* agt. *Marshall*, 14 *Barb. S. C. R.* 96; *Homan* agt. *Brinkerhoff*, 1 *Denio*, 184; *Robinson* agt. *West*, 11 *Barb. S. C. R.* 309.)

III. The constable's return of service indorsed on the

attachment, is insufficient to confer jurisdiction on the justice. By section 29, chap. 2, art. 2, title 4, part 3, of the Revised Statutes (43), it is provided that " the constable to whom such attachment shall be directed and delivered, shall execute the same at least six days before the return day," and shall seize sufficient property to satisfy the demand; and " he shall immediately make an inventory of the property seized, and shall leave a copy of the attachment and of the inventory, certified by him, at the last place of residence of the defendant; but if the defendant have no place of residence in the county where the goods and chattels are attached, such copy and inventory shall be left with the persons in whose possession the said goods and chattels shall be found." Under the non-imprisonment act, the attachment is required to be " served at least two days before the time of appearance therein mentioned " (3 R. S. 462, § 215). And by section 36 of said act, it is provided that " every attachment issued by virtue of this act," shall be served in the same manner as attachments issued under the second article above quoted from, " except that if the defendant can be found in the county, the copy of such attachment and inventory shall be served upon him personally, instead of leaving the same at the place now prescribed in said article ; and the return of said officer in addition to what is now required, shall state specifically whether such copy was or was not personally served upon the defendant."

It does not appear by the return to the attachment, that a copy thereof, and of the inventory of the property attached, were either personally served on the defendant, or were left with the person in whose possession the goods were found. (*Cook* agt. *McDoel*, 3 *Denio*, 317 ; *same case affirmed*, 2 *N. Y. R.* 120 ; 21 *How. Pr. R.* 429 ; *Marshall* agt. *Canty*, 14 *Abb. Pr. R.* 237.) The return states the manner of service to have been, that a copy was left with " Barnaman's wife at Martinsville, as defendant cannot be

found in this county." The return does not show that the attachment was served at least two days prior to the return day thereof. (3 *R. S.* 431, § 29 ; 3 *R. S.* 463, § 218.) It should show affirmatively when the attachment was served (*Stewart* agt. *Smith*, 17 *Wend. R.* 518). Where the constable's return does not show sufficient facts to authorize the issuing of a summons, the justice acquires no jurisdiction, and all his subsequent proceedings will be void. (*Allen* agt. *Stone*, 9 *Barb. S. C. R.* 60 ; *Waters* agt. *Whittimore*, 22 *Barb. S. C. R.* 593.) The justice acquired no jurisdiction in this case, and the sale of the property under the execution issued on the judgment recovered therein—the defendant not having appeared—constitutes no defence in this action.

IV. The question of jurisdiction can be raised at any time, in any stage of the proceedings, and in a collateral action or proceeding. (26 *How. Pr. R.* 90 ; *Homan* agt. *Brinkerhoff*, 1 *Denio*, 184 ; *Davis* agt. *Marshall*, 14 *Barb. S. C. R.* 96 ; *Decker* agt. *Bryant*, 7 *Barb. S. C. R.* 183 ; *Van Alstine* agt. *Erwine*, 1 *Kern. R.* 331 ; 8 *N. Y. R.* 254 ; 12 *N. Y. R.* 156).

L. L. LEWIS, *for defendant.*

DANIELS, J. This action was brought to recover the value of certain personal property claimed to be owned by the plaintiff, and wrongfully converted by the defendant. A verdict was recovered by the defendant, which the plaintiff now moves to set aside, and for a new trial.

The only questions arising upon the application, depend upon the validity of proceedings taken in an attachment suit instituted by the defendant against the plaintiff and another, before a justice of the peace in Niagara county, of which the defendants in that action were non-residents. The attachment was issued on the second, returnable on the fifth of June, 1862 ;—and in his return upon it, the

constable wholly omits to state the time when the seizure
of the property was made under it.   The attachment was
not served personally on either of the persons named in it
as defendants.   But the return states that a copy of it was
left with " Barnaman's wife, at Martinsville, as defendants
cannot be found in this county."   There is no statement
whatever contained in the return from which it can be even
inferred that she was the person having possession of the
property attached when the seizure of it was made, or that
any inventory or statement of the property attached was
left with the copy of the attachment.

Before the justice was authorized to proceed with the
action, it was necessary that he should have the officer's
return to the attachment showing a service of it in the
manner provided for by the statute ; and as the defendants
had no personal notice of the suit by the service of the
process upon them, it was vitally important that the dif-
ferent steps prescribed should be accurately followed.   For
it was the only manner in which the justice could acquire
jurisdiction.   The return of the officer is the evidence to
be furnished to the justice that the statute has been com-
plied with (3 *R. S. 5th ed.* 432, § 33).   In cases where the
process is not personally served, the provision is an impor-
tant one which requires that a copy of the attachment, with
an inventory of the property seized, shall be left with the
person in whose possession the goods and chattels shall be
found (3 *R. S. 5th ed.* 431, § 28).   For the inference is a
natural one that the owner will leave his property in the
hands of one who is charged with the duty of protecting
his interest in it.   (*The Mary,* 9 *Cranch,* 144 ; 3 *Curtis' De-
cisions,* 296.)   Leaving a copy of the attachment with
Barnaman's wife, without an inventory or any statement
that the property had been seized under it, would be no
notice to her or any one else, that this property was
to be affected by the proceedings, or that any steps were

necessary for the protection of the owner's interest in it, even if it were actually in her possession.

On these defects, without noticing others in the proceedings, they must be held to be so fatally defective as not to afford any protection to the defendant in the sale he afterwards made of the property under an execution upon the judgment recovered in that suit. There was no appearance or waiver of any kind of these omissions to conform to the statute.

The rule is well settled, that where a statute prescribes a new mode of proceeding, either unknown to the common law, or contrary thereto, the statute, so far at least as those parts of it essential to jurisdiction are concerned, must be not only proved, but shown to have been strictly pursued, or the proceeding will be held a nullity. The same rule applies to courts of limited and special jurisdiction, as justices' courts. Nothing is presumed in their favor, so far as it respects jurisdiction, and the party seeking to avail himself of their judgments must show that they had jurisdiction affirmatively. (*Mills* agt. *Martin,* 19 *J. R.* 33; *Cowen's Treatise,* 2*d ed.* 405), where the same principle is affirmed in these words: "A justice is limited by statute to a certain course of proceedings, and unless those proceedings are adhered to, or waived by the party who has a right to insist on them, the judgment is irregular and void. (*Id,* 400, 403; *Cowen & Hill's Notes to Philip's on Evidence, part* 1, 468; *part* 2, 206.)

The proceeding relied upon by the defence cannot be sustained without disregarding the principles so fully declared and sustained in these authorities. The verdict rendered in favor of the defendant must therefore be set aside, and a new trial granted, with costs to abide the event of the action.