EDWARD VAN SLYCK AND EDWARD W. FOOTE, RESPONDENTS, *v.* FRANCIS B. NEWTON, APPELLANT.

*Mortgage for existing debt — mortgagee not bona fide purchaser — Judgment recovered against one as assignee — when binding on him individually — how far binding on his co-mortgagee.*

Where a chattel mortgage is given to secure an existing indebtedness, the mortgagee is not entitled to the rights of a *bona fide* purchaser for a valuable consideration, as against one from whom the mortgagor has obtained the property by fraud.

On January 4, 1876, Foote and Van Slyck were in possession of certain personal property, claiming to be entitled thereto by virtue of a chattel mortgage given by one Stearns to secure them for indorsements. On the twenty-seventh of January, Stearns made a general assignment to Van Slyck, who accepted the

same. On the twenty-eighth of January, an action of replevin was commenced by one Barnard against Stearns and Van Slyck, as assignee, to recover the property, on the ground that Stearns had obtained the same from him by fraud. The property was seized by the sheriff, and a judgment having been recovered by Barnard, the same was delivered to him. In this action, brought by Foote and Van Slyck against the sheriff, *held*, (1) that the plaintiffs were not *bona fide* purchasers for a valuable consideration; (2) that as against Van Slyck the judgment recovered in the first action was conclusive, and as against Foote, competent evidence to prove that the property belonged to Barnard at the time of the seizure.

APPEAL from a judgment in favor of the plaintiffs entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

One Stearns, being in possession of a stock of goods in a store, mortgaged them, December 18, 1875, to Campbell, who took immediate possession. On the twentieth of December, he executed another mortgage to the plaintiffs on the same property, to secure them as indorsers, and Campbell agreed to remain in possession as their agent. On the fourth of January following, possession of the property was surrendered to the plaintiffs by Stearns. This, however, seems, in some way, to have been subject to Campbell's claim. For one of the plaintiffs testified that Campbell's claim was paid up finally, February twelfth. On the 27th of January, 1876, Stearns made a general assignment to Van Slyck, one of the plaintiffs, for the benefit of creditors, which assignment Van Slyck accepted.

On the 28th of January, 1876, Charles E. Barnard and others commenced an action of claim and delivery against Stearns and Van Slyck, as assignee. In this, the plaintiffs claimed that certain goods were obtained from them by Stearns, fraudulently, when he was insolvent. In that action Newton, the present defendant, a deputy sheriff, took the goods in question on the twenty-eighth day of January, under the usual direction of the plaintiffs' attorney. The defendants in that action, both Stearns and Van Slyck, appeared and answered and then withdrew the answer they had put in, and judgment was perfected for the plaintiffs, Barnards, therein against the defendants.

Van Slyck and Foote, the present plaintiffs, now sue the deputy sheriff, Newton, for the taking of those goods, claiming them under

their mortgage, and averring that the title and possession was in them by virtue of said mortgage. The court held that there was no question for the jury but the value of the property, and that the plaintiffs were entitled to recover.

*John W. Boyle*, for the appellant.

*A. N. Sheldon*, for the respondents.

LEARNED, P. J.:

Upon the pleadings the title and possession of the plaintiffs to the property are in issue. If, as against the plaintiffs, the Barnards had title, and if the defendant took the property by their authority, he is entitled to succeed in the action.

The plaintiffs' mortgage was given to secure a prior liability. It has been decided that such mortgagees are not *bona fide* purchasers for a valuable consideration, as against one from whom their mortgagor obtained the property by fraud. (*Woodburn* v. *Chamberlin*, 17 Barb., 446.) In the case of *Malcom* v. *Loveridge* (13 Barb., 372), and similar cases cited by the plaintiffs, the mortgagee parted with value on the credit of the property. If it be proved then, in this action, that Stearns obtained the property by fraud from the Barnards, so that they could have recovered it from Stearns, and if Newton took it as their agent, then the plaintiffs could not recover against Newton, any more than Stearns could have recovered against him.

But, perhaps, it is not necessary to rely upon that principle to dispose of this case. The question seems to be as to the effect of the judgment recovered in the case of the Barnards against Stearns and Van Slyck, as evidence on the present trial of the title of the Barnards. The complaint, in that action, averred the ownership of the property by the plaintiffs therein, and the possession and wrongful detention by the defendants. The judgment, after proof taken, was that the plaintiffs were the owners of the property, and entitled to retain it and to recover damages for the detention and costs. The right of the plaintiffs, thus adjudicated, must have referred to January 28, 1876. Van Slyck was a party to that action, and is bound by the result. As against him, it is adjudicated that on the 28th of January, 1876, the Barnards owned this property and that he was

wrongfully detaining it. If the rights which he now seeks to set up in this action were valid, as against the Barnards, they would have afforded a successful defense to that action. For if he, either alone or jointly with another, owned or was entitled to the possession of the property, that fact would, if shown, have defeated the Barnard action. That he was described in the title of the complaint as assignee, did not prevent him from showing any fact which would entitle him to possession, or would prove ownership in him. Van Slyck, therefore, cannot recover against Newton for taking, as the Barnards' agent, property which, as between him and them, has been adjudged to be theirs.

The alleged title and ownership of Van Slyck and Foote were joint. They were co-mortgagees, and they aver that as such they were in possession at the time of the alleged taking. The possession which Van Slyck had was, as these plaintiffs aver, their possession.

Whether or not the Barnard judgment was conclusive against Foote, it was evidence against him (Greenlf. Ev., § 174, *et seq.*), and the evidence was not contradicted ; that is, there was nothing shown to contradict the title of the Barnards.

When Van Slyck was sued by the Barnards, if he was not solely in possession, and if he and Foote were in possession jointly, I do not see why Van Slyck might not have averred a defect of parties defendant in his answer. ( *Wooster* v. *Chamberlain*, 28 Barb., 602.) Thus Foote might have been brought in as defendant.

The judgment should be reversed and a new trial ordered, costs to abide the event.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment and order reversed, new trial granted, costs to abide event.