JOSHUA MAXWELL AND JOHN ALLEN, JR., EXECUTORS, ETC., OF ELIZABETH H. MAXWELL, DECEASED, *v.* HENRY A. PRATT.

*Tenants in common of a chattel — right of one of them to sue alone, for an injury to his interest therein — Defect of parties — when it must be taken advantage of by demurrer — when the names of the proper parties must be given.*

Where, upon the face of the complaint, it appears that the plaintiff, claiming to be the owner of a one-third interest in a chattel, has brought the action to recover damages for the conversion of the said interest by the defendant, an objection to his omission to make the owners of the remaining two-thirds of the chattel parties to the action, must be taken by demurrer or it will be waived.

*Quære,* whether, where an owner of an undivided one-third of a chattel brings an action to recover damages for the conversion thereof, and the defendant has committed no trespass upon the rights of the owners of the other two-thirds of the chattel, but acknowledges their rights and only claims to be a joint owner with them, it is necessary for the plaintiff to make the owners of the other two-thirds parties to the action?

An answer setting up a defect of parties plaintiff must give the names of the necessary parties if they be known to the defendant.

MOTION for a new trial on exceptions directed to be heard in the first instance at the General Term, after a nonsuit ordered at the Circuit.

*O. O. Cottle,* for the plaintiffs.

*Giles E. Stillwell,* for the defendant.

TALCOTT, P. J.:

This is a motion for a new trial on exceptions by the plaintiffs, after a nonsuit at the Erie Circuit.

The facts of the case are, in brief, as follows : The plaintiffs sued as executors of the will of Elizabeth H. Maxwell for the conversion by the defendant of certain goods and chattels, to wit, one third of a building situated near the village of Corfu, in Genesee county, alleging that the defendant unlawfully took and claimed possession of said property, and took and converted the same to his own use. The defendant answered the complaint, alleging, after a general denial, as follows : " Second, that there is a defect of the parties plaintiff, and that some person or persons *to the defendant unknown* should be joined as plaintiffs herein ; " and he answered thirdly, claiming as justification the recovery of a judgment before a justice of the peace against one Thompson Maxwell, and the sale of the one-third interest in the said cheese factory to the defendant, and under such sales and purchase the defendant claims title to the said one-third of the said cheese factory ; and the defendant also alleges that said Thompson Maxwell conveyed his interest in said cheese factory to the estate of Elizabeth Maxwell to defraud his creditors. It appears that the said one-third interest in the said cheese factory was purchased by the giving of the note of Thompson Maxwell, indorsed by one of the plaintiffs, Joshua Maxwell, to one Robert Fero, and the title to the one-third of the cheese factory was taken in the name of said Thompson Maxwell, the son of said Joshua. When the note given by Thompson Maxwell matured, it was taken up with money in the hands of the plaintiffs as executors ; and Thompson Maxwell afterwards and on the 22d of July, 1874, sold, assigned and transferred to the plaintiffs, as such executors of Elizabeth H. Maxwell, his one-third interest in said cheese factory. The cheese factory stood upon leased ground, and having been built for the purpose of trade and manufacturing, it is presumed that the cheese factory was personal property; but no question is made in the case on that subject. After the defendant purchased the interest of Thompson Maxwell on the execution, which was some two years after the sale by Thompson Maxwell to the plaintiff, he claimed to own the one-third of the factory by virtue of that purchase, and forbid the plaintiffs' tenants from paying any subse-

quently accruing rents to the plaintiffs, and finally leased to one Cummings the undivided one-third of the factory for twenty-five dollars per year. Cummings went into possession of the one-third in question under that lease, having a lease from the owners of the other two-thirds, and paid his rent to the defendant. At the opening of the case the defendant moved for a nonsuit, on the ground that the owners of the other two-thirds had not been made parties to the suit. It appears that the defendant knew the names of the owners of the other two-thirds of the factory, and that they were living at the commencement of the suit. The court reserved that question, but afterwards granted the nonsuit, presumably upon that ground.

It is true the general rule is that tenants in common of personal property must join in an action for its conversion, but it may be doubted whether that rule can apply to a case of this character where the conversion is not of the whole chattel, but of a special undivided interest, to wit, the undivided one-third of the chattel, and where the defendant does no act which can be construed as a trespass upon the rights of the owners of the other two-thirds, but acknowledges their rights, and only claims to be a joint owner with them. (See *Tripp* v. *Riley*, 15 Barb., 333.) But it seems to be unnecessary to consider that question in this case, for two reasons : The defect of parties plaintiff appeared on the face of the complaint. The plaintiffs sued for the conversion of one-third of the chattel, and claimed only that they were the owners of the said one-third. In case the defect of parties appears upon the face of the complaint, if the defendant does not demur for that cause he waives the objection. (Code of Civ. Pro., § 488,499 ; *Zabriskie* v. *Smith*, 13 N. Y., 322; *De Puy* v. *Strong*, 37 N. Y., 372; *Fisher, exr.*, v. *Hall*, 41 N. Y., 416, 422.)

The statement in the answer is not effectual as a plea in abatement. Dilatory defenses, such as a plea in abatement, are not favored, but are to be strictly construed ; such a plea "must give the plaintiff a better writ," it must state precisely who should be made parties. (*Wigand* v. *Sichel*, 3 Keyes, 120 ; *Fowler* v. *Kennedy*, 2 Abb. Pr. 347, 351; *Wooster* v. *Chamberlin*, 28 Barb., 602.)

The defendant well knew who were the owners of the remaining two-thirds of the cheese factory, for he informed his tenant, Mr.

Cummings, of their names. Some other objections were made by the defendant to sustain the nonsuit, and on the argument he took the objection that the executors, as such, had no authority to take the conveyance from Thompson Maxwell, that is to make an investment in the one-third of a cheese factory, and he cites sundry authorities to show that an executor cannot make investments except in a certain class of securities. But the defendant is not in a position to raise such a question; that objection can only be made by some *cestui que trust* under the will.

There was no evidence given tending to show that the release and conveyance of the one-third of the cheese factory was not made in good faith and for a valuable consideration, to wit: The payment of Thompson Maxwell's note given for the purchase price, or that such conveyance was intended to or could in any way have defrauded the creditors of Thompson Maxwell. The other objections are equally frivolous.

New trial ordered, costs to abide the event.

Present — Talcott, P. J., Smith and Hardin, JJ.

New trial ordered, costs to abide event.