## SCHWARTZ *v.* WECHLER *et al.*

*(Common Pleas of New York City and County, General Term.　December 5, 1892.)*

**1. ASSOCIATIONS—ACTIONS AGAINST MEMBERS.**

　Code Civil Proc. § 1919, permits an action against an unincorporated association to be brought against its president or treasurer.　Section 1923 provides that the other provisions of the article (which includes section 1919) shall not prevent an action being brought against the members of the association, except where an action has already been brought against the president or treasurer.　*Held*, that an action may be brought in the first instance against the members.

**2. PARTIES—NONJOINDER—PLEA.**

　Plea of nonjoinder of defendants must state the names of the persons alleged to have been improperly omitted.

Appeal from fifth district court.

Action by plaintiff, Bernard Schwartz, and his assignor, for services rendered as teacher in an unincorporated association of which defendants were members and directors.　From judgment for plaintiff, defendants appeal. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

*Sigmund Feuchtwanger,* for appellants.　*Abraham H. Sarasohn,* for respondent.

GIEGERICH, J.　This action was brought against Morris Wechler, Joseph Eichner, Ignatz Bleich, and Mandel Friedman for services rendered by the plaintiff and his assignor as teachers in the school known as the "Oestreicher Hungarischa Talmud Torah," at No. 102 Cannon street, in this city; it being claimed by the plaintiff that the school was conducted by a voluntary association bearing said name, and of which the defendants were directors and members.　The defendants denied that they individually and for themselves engaged the plaintiff and his assignor, but claimed that they were originally employed by them, or some of them, and others on behalf of the association, which is not disputed by the plaintiff and his assignor.　The defendants also claimed that in or about the month of November, 1891, in consequence of the withdrawal by parents of their children from the school in question, the association was unable to pay the teachers any longer, and as an inducement to them to teach it was agreed between the teachers, including the plaintiff and his assignor, on the one hand, and the association on the other, that the former were not to receive any further compensation from the latter for teaching the children, but were to look solely to the scholars of the school for compensation; that the plaintiff and his assignor expressed themselves as satisfied with that arrangement, and continued to teach school under it.　This was denied by the plaintiff, and the jury credited his version of the case.

The defendants contended upon the trial, and now urge as a ground for the reversal of the judgment, that the action cannot be maintained against the defendants, as members of the association, because no action has been brought against the president or treasurer thereof.　The case of *Flagg* v. *Swift,* 25 Hun, 623, is cited in support of the contention.　In that case it was decided that an action cannot be maintained against the individual members of an unincorporated association upon a debt due from the association, unless an action has first been brought against the president or treasurer thereof, as prescribed by section 1919, Code Civil Proc.　This decision is based upon *Witherhead* v. *Allen,* 4 Abb. Dec. 628, which arose under Act 1849, c. 258, as amended by Laws 1853, c. 153, § 4.　The same provides that after judgment against the joint-stock company or association, and execution thereon is returned unsatisfied, in whole or in part, suits may be brought against any or all of the shareholders or associates, individually, as now provided by law.　The remaining provisions have no bearing on the question under consideration, and are therefore omitted.　As was well said by WILLIAMS, J., in *Humbert* v. *Abeel,*

7 Civil Proc. R. 417, 421: "Under those provisions, it could not be held otherwise than it was held in *Witherhead* v. *Allen;* but under the provisions of the Code of Civil Procedure, the rule must be held entirely different." Section 1923 of the Code prescribes that "this article [chapter 15, art. 1, tit. 5] does not prevent an action from being brought by or against all the members of an association except as prescribed in the last section." Section 1922 prescribes: "Where an action has been brought against an officer, or a counterclaim has been made in an action brought by the officer, as prescribed in the last three sections, another action for the same cause shall not be brought against the members of the association, or any of them, until after final judgment in the first action, and the return, wholly or partly unsatisfied or unexecuted, of an execution issued thereupon." Mr. Throop, in his notes on the new Code, (Ed. 1891, p. 210,) says: "The provisions of this article are permissive and remedial." Again, on the same page, he says: "The prohibitory clause of section 4 of the act of 1849, as amended in 1853, has therefore been omitted; and to guard against a possible misconstruction of this article, an express provision, declaring it to be permissive, has been added as section 1923." The right to maintain an action against the members of an unincorporated association, without first obtaining a judgment against the association, is, therefore, expressly given by section 1923 of the Code, and it follows that it was not necessary for the plaintiff, as a condition to the maintenance of this action, to first bring suit against the president or treasurer of the association. This conclusion is in accord with the views expressed by the court in *Humbert* v. *Abeel, supra*, and *Hudson* v. *Spaulding,* (Sup.) 6 N. Y. Supp. 877, regarding the right to maintain an action against the members of an unincorporated association. It is manifest that the provisions of the Code above cited were either disregarded or overlooked by the court in *Flagg* v. *Swift, supra.*

The appellants contend, further, that the present action is not maintainable, because all the members of the association were not made parties defendant. The record shows that the defendants answered as follows: "Defendants Bleich and Friedman, nonjoinder defendants, general denial; other defendants plead general denial." This is clearly insufficient, because the names of the persons who, it is claimed, should have been made additional parties to the action, are not stated. *Hawks* v. *Munger,* 2 Hill, 200; *Wigand* v. *Sichel,* *42 N. Y. 120; *Fowler* v. *Kennedy,* 2 Abb. Pr. 347, 351; *Wooster* v. *Chamberlin,* 28 Barb. 602; *Maxwell* v. *Pratt,* 24 Hun, 448; *Kingsland* v. *Braisted,* 2 Lans. 17; *Humbert* v. *Abeel, supra.* Even had the alleged nonjoinder been properly pleaded, the record shows that the defendants did not introduce any testimony in support of the same, and it seems that this defense was entirely abandoned by the defendants upon the trial. Upon the coming in of the verdict, the defendants made a motion to set aside the verdict and for a new trial upon the following grounds, viz.: "That the verdict is contrary to the evidence, and contrary to law, and is excessive; that there is no evidence authorizing a judgment for the amount of the verdict; and upon the exceptions taken upon the trial." The justice, with the consent of the plaintiff's attorney, reduced the amount of the judgment, and denied the motion to set aside the verdict. In doing so, he, among other things, said: "This is one of the cases where, if the power given to courts of record under section 999 of the Code was conferred on this court, I would not hesitate to set aside the verdict, but the limits within which this court can act puts it out of my power in this case to afford the defeated party any relief, and the corrective remedy must be sought, if at all, in the appellate court, where, under the provisions of the Code, matters involved on this motion can be reviewed. If there was absolutely no proof to support the verdict,—in other words, if, without any evidence to support it, a verdict should be rendered,—a different conclusion might be reached by me."

It is insisted that the court below had power to set aside the verdict, but we have not been referred to, nor are we aware of, any statutory provision which authorizes the district courts of this city to set aside the verdict of a jury, and grant a new trial.  The district courts are courts of inferior jurisdiction, and therefore cannot go beyond the authority conferred upon them by ·statute.  They can assume no power by implication, but must keep within the powers expressly given them,· and if they go beyond them their acts are void.  Cow. Treat. § 650; *Barnaman* v. *Williams*, 18 Abb. Pr. 158; *Hard* v. *Shipman*, 6 Barb. 621.  The only statutory provision which we have been able to find relative to the question under consideration is section 1380 of the consolidated act, which provides that judgment must be entered immediately after the rendering of the verdict, (Laws 1882, c. 410;) and it would seem from this that the legislature intended to prohibit the justices of these courts from setting aside the verdict of a jury; at all events, it is manifest that the exercise of the power to set aside a verdict is inconsistent with the provisions of the act referred to.  After carefully reading the testimony, we are unable to see on what ground the justice could have granted a new trial, had he the power to do so.  The issues to be determined were purely of fact.  It has frequently been held in this court that where there is a conflict of evidence the judgment will not be reversed unless the evidence be of such conflicting character as to clearly indicate that there was a mistake on the part of the jury, ·that they were influenced by bias, passion, prejudice, or corruption, or that they had manifestly neglected to deliberate upon the whole testimony.  *Darrah* v. *Boys*, (Com. Pl. N. Y.) 10 N. Y. Supp. 697; *Weiss* v. *Strauss*, (Com. Pl. N. Y.) 14 N. Y. Supp. 776.  An examination of the evidence in this case does not lead to such a conclusion.  The case turned upon the question whether ·the plaintiff and his associates continued to teach under the original agreement, whereby they were to be compensated by the association, or whether a new arrangement was made by which the teachers were to look solely to the scholars for compensation.  The testimony upon this point is conflicting, and as it was purely a question of fact, which was fairly submitted to the jury, the verdict should not be disturbed merely because, had the court below been on the jury, it might have reached a different result.  The verdict of ·the jury is sustained by the evidence, and we can find no reason to interfere with their determination of facts.  The judgment should therefore be affirmed, with costs.