(7 Misc. Rep. 311.)

WHITE v. BALTA.

(Common Pleas of New York City and County, General Term.    February 28, 1894.)

APPEAL—WEIGHT OF EVIDENCE.
      A finding of a trial justice on conflicting evidence will not be disturbed on appeal.

Appeal from third district court.

Action by Elizabeth W. White against Jose Balta for rent.    From a judgment rendered by a justice, without a jury, in favor of plaintiff, defendant appeals.    Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Jones & Govin, for appellant.

Olcott & Olcott, for respondent.

GIEGERICH, J.    The plaintiff sued for rent due on the 1st day of May, 1893, under the terms of a written lease.    There is no dispute as to the due execution of the lease, nor as to the proper demand having been made for the rent in question, nor as to the refusal of payment.    The defendant relied upon the terms of a certain letter addressed to him by the plaintiff's general agent, one Hoffman, and sought to establish thereby, and by his testimony as to the understanding of the parties, the presence of a condition precedent to the contract of lease, which was not incorporated in the instrument.    The letter referred to is as follows:

"Jose Balta, * * * Dear Sir: It is hereby understood that as soon as possible I am to make a direct entrance from the store No. 80 Beaver street to the street, being the store you have this day leased.
      "Yours, truly,                                        Wm. M. N. Hoffman."

The defendant testified that the understanding was that such door should be constructed by May 1st, the date when he was to have possession of the premises by the terms of the lease; that upon such date, the premises not having been altered in accordance with the understanding, he refused to take possession and to pay the rent then due under such lease. The plaintiff's agent, Hoffman, testified that there was no such agreement as to the date when the door should be put in; that the agreement was as embodied in the letter referred to; and that the words, "as soon as possible," had reference to the possibility of procuring the consent of a certain other tenant to the alteration contemplated. Not an exception appears in the case, and not the slightest objection was made to the defendant's testimony, as tending to vary the written instrument in suit. This evidence was therefore to be considered in the determination of the issues. Crane v. Powell, 139 N. Y. 384, 34 N. E. 911, and cases cited. But even so, no more than a direct conflict of evidence upon this question of a condition precedent results, and the justice's determination in favor of the plaintiff is not to be disturbed. Weiss v. Strauss, (Com. Pl. N. Y.) 14 N. Y. Supp. 776; Schwartz v. Wechler, 20 N. Y. Supp. 861, 2 Misc. Rep. 67; Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731. It is by no means to be inferred from the record in this case that the justice was actuated by bias or prejudice in his determination, or that he failed to deliberate upon the whole testimony. The appellant's burden of showing error in the determination of this question of fact (Boyd v. Fumonte, 4 Misc. Rep. 604, 24 N. Y. Supp. 702) has not, in this case, been undertaken; much less has it been sustained. Moreover, the evidence upon the trial did not preponderate in favor of the defendant's contention for a condition precedent to the lease. The only fair construction to be placed upon the words, "as soon as possible," appearing in the letter from Hoffman, would be that this possibility could affect the defendant's enjoyment of the premises only after the period of his occupancy commenced. The judgment should be affirmed, with costs.