Bristol *v.* Rensselaer and Saratoga Railroad Co.

————————•◦•————————

SAME TERM.    *Before the same Justices.*

BRISTOL *vs.* THE RENSSELAER AND SARATOGA RAILROAD COMPANY.

By the code a plaintiff must, in his complaint, state the facts constituting his cause of action. He is not at liberty to make out his case by proving facts not alledged in his complaint.

Where the plaintiff, in an action against a railroad company, to recover damages for the non-delivery of goods intrusted to them, does not alledge in his complaint that the defendants were common carriers, they can not be held responsible in that character.

If the complaint, in such a case, does not alledge that the defendants received, or were to receive, a compensation for carrying and delivering the goods, their agreement will be regarded as made without consideration.

If the defendants were to receive a reward for carrying and delivering the goods, that ought to be alledged as one of the facts constituting the plaintiff's cause of action. If not alledged, that fact can not regularly be proved.

Where a trunk and bundle of goods were delivered to the agent of a railroad company at B., labelled "L. W. B., care of S. U. Troy," no direction being given to the agent, except by the labels; *Held,* that the acceptance of the goods by the railroad company, implied a promise on their part that they would carry the goods to Troy and deliver them to U.; and that a delivery thereof to U. was a full performance of their contract, whatever might become of the goods afterwards. And this, notwithstanding the goods delivered to U. were received and taken charge of by him as the agent of the company.

MOTION to set aside report of referee. This was an action against the defendants, as common carriers, for the non-delivery

Bristol *v.* Rensselaer and Saratoga Railroad Co.

of goods. The plaintiff alledged, in his complaint, that on the 9th day of January, 1849, at Ballston Spa, in the county of Saratoga, the defendants promised and agreed to carry and deliver a quantity of dry goods, of the value of one hundred and three dollars and twenty-nine cents, the property of the plaintiff, from Ballston Spa to the city of Troy, in the county of Rensselaer; that the goods were received and entered in the freight book of the defendants at Ballston Spa, on the said day, but the defendants never carried and delivered the said goods as aforesaid, but retained them to their own use contrary to law," &c. The defendants put in an answer denying that they promised to convey and deliver the goods in question from Ballston to Troy, or that the same were received and entered in the freight books of the company. They also averred that they did carry and deliver all the goods by them agreed to be carried and delivered, or deposited with them for that purpose, agreeably to their contract and directions received. And that if they were not so carried and delivered, the default occurred from the negligence of the plaintiff and not from any want of care or diligence on the part of the defendants. And they denied the conversion of the goods. The cause was referred to a referee, who reported in favor of the plaintiff, for $103,29, the amount claimed. The defendants, upon a case, moved to set aside the report.

*Geo. G. Scott,* for the plaintiff.

*W. A. Beach,* for the defendants.

*By the Court,* CADY, J. By the code the plaintiff must, in his complaint, state the facts constituting his cause of action. He is not at liberty to make out his cause of action by proving facts not alledged in his complaint. In this case the plaintiff has not alledged that the defendants were common carriers, and they are not in this action to be held responsible in that character. He has not alledged that the defendants did receive, or were to receive, any compensation for carrying and delivering the goods at Troy. The defendants' agreement, therefore, is to be regarded as made without consideration. If the defend-

ants were to receive a reward for carrying and delivering the goods, that ought to have been alledged as one of the facts constituting the plaintiff's cause of action. Not having alledged that fact, it could not regularly be proved.

If a demand of the goods was necessary to show the plaintiff's right of action, it ought to have been alledged in the complaint. The facts alledged are that the goods were received by the defendants and entered in their freight book; that they promised to carry the goods from Ballston to Troy, and deliver them there. The defendants, in their answer, among other things, say that they did carry and deliver all goods by them agreed to be carried and delivered, or deposited with them for that purpose, agreeably to the contract and directions received. What was the contract as proved? Lebbeus Booth, the agent of the defendants, proved that the trunk and bundle of goods for which the plaintiff sought to recover, were delivered to him as the agent of the defendants, labelled " L. W. Bristol, care of S. Underhill, Troy;" that there were no directions given to him, except by the labels—the labels were sent with the goods. The directions given by the plaintiff were " carry the goods to Troy and deliver them to S. Underhill"—and as the defendants accepted the goods, the implied promise on their part was " that they would carry the goods to Troy and deliver them to S. Underhill." That was their contract. Did they perform it?

S. Underhill was sworn as a witness on the part of the defendants, and testified that the goods were brought to Troy and delivered to him. This appears to me to be a full performance by the defendants of their contract. No matter what became of the goods afterwards; the defendants had performed their contract, and could not afterwards be made liable on it.

The learned referee reported in favor of the plaintiff, upon the ground, that the goods delivered to S. Underhill were received and taken charge of by him as the agent of the defendants. Suppose that be so; how does it tend to show that the defendants did not perform their contract? If the plaintiff chose to select as his consignee an agent of the defendants, a delivery to such consignee is as perfect a performance of the contract as if he

was an entire stranger to the defendants. Suppose the goods had been consigned to the president of the company, and delivered to him, would not the company have performed their contract? Or suppose the contract of the defendants had been that they would carry the goods from Ballston Spa and put them in their warehouse at Troy, and they had done so; their contract would have been performed, and they could not have been made liable on it. So in this case, the defendants having performed their contract, no action can be maintained against them on it. If they are liable at all it must be in some other way.

I am therefore of opinion that the report ought to be set aside, and that the cause be re-heard before the same referee, and that the costs abide the event of the suit.

Ordered accordingly.

