CHARLES E. HUDSON, Respondent, v. JAMES K. SPAULD-
ING, et al., Appellants.

*Supreme Court, Fourth Department, General Term, July 20, 1889.*

1. *Associations. Actions against.*—An action can be maintained against
   the members of a joint-stock association without first bringing an
   action against its president or treasurer.
2. *Same.* § 1923.—§ 1923 of the Code now applies to such actions and ex-
   pressly provides that the other provisions of the article should not
   prevent an action from being brought against all the members of an
   association, except in a case where an action had already been brought
   against the president and treasurer.
3. *Same. Partners.*—Subscribers for and holders of stock in a corpora-
   tion, which is defectively organized and whose proceedings are void,
   do not become thereby partners as to parties who have knowledge of
   facts.
4. *Same.*—In order to establish a liability against a party as a partner for
   the acts of others, it must be made to appear that a copartnership was
   formed by express agreement, or that there was an authorization in
   advance and a consent to be bound by such acts as a partner, or a rati-
   fication of the acts after performance with full knowledge of all the
   circumstances, or some act by which an equitable estoppel has been
   created. ·

Appeal from a judgment entered upon the report of a
referee.

*John W. Church*, for appellants.

*Henry D. Waters*, for respondent.

MERWIN J.—This action is brought against a large num-
ber of defendants upon the theory that they were the mem-
bers of a joint-stock association organized in the spring of
1886, for the purpose of carrying on the business of base
ball playing.

One of their number, Samuel . Hodge, in the summer of 1886, at the request, as it is claimed by the plaintiff, of the directors of the association, furnished board to two of the employees of the association to the amount of $110.57, of which twenty-four dollars was paid in June, 1886, and the balance of the claim was assigned by Hodge to plaintiff on September 1, 1887. Soon after that, this action was commenced; only six of the defendants being served with process. These are Frank W. Rogers, Harrison Clark, George W. Nagle, W. Porter Chapman, David B. Fitch and Andrew J. Phelps.

They all answered, and the case was referred to a referee who found that board had been furnished as alleged, and that the defendants were copartners, and ordered judgment accordingly. Judgment was entered against all the defendants, but to be enforced only against the joint property of all the defendants, and the separate property of the defendants served. The defendants served appeal.

The referee found that the association had a president and treasurer. It was, therefore, within the provision of section 1919 of the Code which permitted no action to be brought against the president or treasurer, as such. No such action had ever been commenced by the plaintiff. The referee held that it was not necessary in order to the main tenance of the present action. In this it is claimed by the defendants that the referee erred and the case of Flagg *v.* Swift (25 Hun, 624), is cited as in point. In that case it was held that an action must first be brought against the president or treasurer. That was so under the act of 1849, chap. 258, as amended by chap. 153 of Laws 1853. But these acts were repealed in 1880, and now section 1923 of the Code applies, which expressly provides, that the other provisions of the article (which would include section 1919), should not prevent an action being brought against all the members of an association, except in a case where an action had already been brought against the president or treasurer.

The provisions of section 1923 were not considered in the Flagg Case. We think it was not necessary to first bring an action against the president or treasurer. Humbert *v.* Abeel, 7 Civ. Pro. Rep. 417.

It is futher claimed by the defendants that, if the defenants were partners as found by the referee, then this action is not maintainable upon the ground that a law action cannot be brought by one partner or his assignee or claim the partner had against the firm. The case of McMahon *v.* Rauhr (47 N. Y. 68), is claimed to be in point, and it seems to be that way, and the same principle is recognized in Arnold *v.* Arnold (90 N. Y. 583).

There are some exceptions to the rule, but it seems to be at least doubtful whether the plaintiff has brought himself within any recognized exception.

But aside from this there is a view of the case that looks to be somewhat serious for the position of the plaintiff.

It seems that in the fall of 1885, a paper called a subscription paper was prepared and at that time or in the spring of 1886 was signed by divers parties, among others, by the defendants Rogers, Nagle and Chapman.

There is no evidence showing that the defendants Clark, Fitch and Phelps signed this paper, except certain admissions hereinafter referred to. The heading of this paper was as follows:

"We, the undersigned, citizens of the United States and of the state of New York, being desirous of associating ourselves for athletic and batting purposes, under chapter 368 of the Laws of the state of New York, passed in 1865, and the various acts supplementary thereto and amendatory thereof, do so associate ourselves under the name and style of the Norwich Base Ball Association, of Norwich, N.Y., for the object and purpose of playing the game commonly called base ball, with five trustees or managers to manage the same, and the following persons shall be such trustees or managers for the first year of its existence. *   *   *

" The capital stock of the association shall be $1,000, divided into 100 shares of ten dollars each, and for the said purpose, and in consideration of the same, and of our mutual subscriptions, we, the undersigned, do hereby take and subscribe for the number of shares in said stock set opposite to our respective names, and agree to pay therefore at the times and in the amounts that may be determined upon by the said trustees, no subscriptions to be binding unless the entire amount is raised.

" Dated NORWICH, N. Y., *October* 24, 1885."

It will be observed that the names of the trustees or managers for the first year were not stated. In the spring of 1886 there was a meeting, purporting to be of the association. No record was kept of this meeting and no written evidence of the action then taken. Upon motion a president and a secretary and treasurer were elected, and also five directors.

A committee was appointed to get in the subscriptions, and the directors were authorized to draw a constitution and by-laws and select a manager who would engage players.

It also appears from the testimony of the president, Mr. Church, which is not denied, that at this meeting the subject of incorporation was discussed, and a motion was made and carried that nothing further be done towards incorporating, and that the money which had been subscribed should be paid over to the directors, who were to have the sole management of matters, and that when the money had been spent they should stop, and that no money should be called for except such as should be subscribed.

At this meeting the defendants, Rogers and Nagle were present and were named two of the directors. The other defendants defending were not present. Samuel Hodge was present. No constitution or by-laws were prepared and no corporation was formed.

The parties to whom Hodge furnished board were after-

wards engaged as players by the directors, or some of them, and games were played during the season of 1886, fees for admission being charged.

There is no evidence that the defendants, Clark, Chapman, Fitch or Phelps, participated in the business or had anything to do with Hodge in the matter of board.

There are in the case admissions from the defendants to the effect that they subscribed in different amounts to the sum of about $1,000, for the purpose of maintaining a ball club, which sum was paid to five of their number termed directors upon the express understanding and agreement that said sum was to be all that the subscribers, or any of them, should pay or become liable to pay in consequence of the club, or any matter connected therewith, of which understanding and agreement Hodge, plaintiff's assignor, had knowledge, and was a party thereto, before furnishing the board in question.

If the plaintiff relies on this admission he must take it all together. Under it as a whole, the subscribers would not be liable as partners. The subscriptions being paid, that ended the matter as between themselves, and Hodge would be bound by the limitation imposed by the agreement. The plaintiff as assignee of Hodge has no better position. The transfer was in 1887 and for a precedent debt. Hodge could transfer no better right than he had.

Aside from admissions, the plaintiff has shown no basis for a claim against the defendants Clark, Fitch and Phelps. For they are not shown to have signed the subscription paper or attended the meeting in the spring of 1886. As to Chapman, he signed but did not attend the meeting. The subscription paper upon its face indicated an intention to form a corporation. The failure to do that did not result in a partnership. That depended on what afterwards occurred. In Central City Savings Bank *v.* Walker (66 N. Y. 424), it was held that to establish a liability against a party as a partner for the acts of others, it must be made to appear

that a copartnership was formed by express agreement, or that there was an authorization in advance and a consent to be bound by such act as a partner, or a ratification of the acts after performance with full knowledge of all the circumstances, or some act by which an equitable estoppel has been created. In Fay *v.* Noble (7 Cush. 188), it was held that subscribers for and holders of stock in a corporation which was defectively organized and its proceedings void, did not thereby become partners. The same was held in Planters' Bank *v.* Padgett (69 Ga. 159). See Morawetz on Priv. Cor., § 748 (2d ed).

There was certainly no agreement by Chapman to become a partner, or any ratification by him of any acts of others that would produce that result or any basis for an estoppel.

The defendants, Rogers and Nagle signed the subscription paper, were present at the meeting and became two of the directors and acted as such. Did they thereby become liable to Hodge or his assignee as partners? It must be borne in mind that the question is not whether Rogers and Nagle, by reason of what they may have done as directors, became individually liable for the debt. The complaint in the action is not on that basis, nor was the case tried or decided on that theory. There is evidence tending to show that Rogers participated in the hiring of Hodge to board the employees. This Rogers denies and the referee does not find specifically on the subject. It does not appear to what extent Nagle acted.

As the case stands, it cannot here be determined whether Rogers and Nagle are liable to plaintiff on some other basis than that of partnership. Nor is it the question here whether as to third parties, who had a right to act from appearances, there would be deemed to be a partnership. For the plaintiff as assignee of Hodge takes only his rights. But the question is whether the parties who engaged in the meeting in the spring of 1886 formed as between themselves a partnership. There was no agreement to that effect. The subscrip-

tion paper, under which they assumed to act, contemplated no such result. Presumptively no greater liability was designed than such as would have been involved, had the idea of corporation been carried out. Take the most favorable view of the meeting, it is a little difficult to see how there was any design to form as between themselves a partnership. A fund was expected from the collection of subscriptions. Its management was entrusted to the five persons called directors. It cannot fairly be said that power was designed to be conferred upon them to bind the associates individually. The evidence does not warrant that conclusion. If the evidence of Mr. Church, the president, is taken, and it stands uncontradicted, and is not improbable, there was an express limitation to the knowledge of Hodge upon the power of the directors.

Nothing occurred at the meeting indicating that any profits were expected. We think the evidence is not sufficient to warrant the conclusion that the parties at that meeting as between themselves formed a partnership. If not, there is no basis for the claim as presented by the complaint, and the motion for a nonsuit made by the defendants at the close of the trial should have been granted.

The foregoing considerations lead to a reversal of the judgment.

Judgment reversed on the exceptions, and new trial ordered before another referee, costs to abide the event.

HARDIN, P. J., and MARTIN, J., concur.