Judgment and order reversed on the exceptions, and a new trial ordered, with costs to abide the event.

---

JOHN SEACORD, RESPONDENT, v. CHARLES E. PENDLETON AND OTHERS, APPELLANTS, IMPLEADED, ETC.

ANNIE O'HEARN, RESPONDENT, v. ELIZABETH PEARSALL AND OTHERS, APPELLANTS.

MERCHANTS' NATIONAL BANK OF BINGHAMTON, NEW, YORK, RESPONDENT, v. SELIM KIRBY AND OTHERS, APPELLANTS.

*Bank, never legally incorporated — liability, to depositors, of those holding certificates of stock issued by it.*

A complaint alleged that a deposit had been made by the plaintiff in the Home Savings Bank, which was organized by the election of a president, cashier and board of directors; that the defendants were stockholders in said bank, which was, however, in fact, never legally incorporated under the laws of any State or of the United States, although certificates of stock were issued to and held by the defendants and dividends had been declared and received thereon before and at the time of the said deposit, made by the plaintiff, of his money in said bank; that, by reason of the foregoing facts, the defendants were, at the time in the complaint mentioned, copartners, doing and carrying on the business of banking under the name and style of the Home Savings Bank.

*Held*, that the defendants, by reason of the facts stated in the complaint, did not become jointly or individually liable to the plaintiff for the money deposited in the bank by him.

That the mere fact that the bank was not legally incorporated did not render the alleged stockholders liable as partners to persons depositing money therein, in the absence of proof that the stockholders had performed any act in relation to said bank, or that they had been in any way connected with, or had any knowledge in regard to, the management of its business, or in any way authorized, or consented to, any of the acts performed by others, except that they held what purported to be certificates of stock in the bank and received dividends thereon.

That, in the absence of evidence of an agreement upon the part of the defendants to become partners, or of some act which indicated that they were acting as such, or that they had knowledge of the acts of others in relation thereto, the defendants did not become liable as partners, although they shared in the profits of the bank by the receipt of dividends paid therefrom upon their stock.

*Semble*, that it would have been otherwise if the complaint had alleged that the defendants had acted, or were instrumental, in organizing such bank by the election of a president, cashier or board of directors, or had taken any part in such proceedings or in any business transacted by the bank, either as principals, partners, agents, directors or otherwise.

APPEALS by the respective defendants from interlocutory judgments, entered, in the first and second above-entitled actions, in the office of the clerk of the county of Tioga, and in the third above-entitled action, in the county of Broome, overruling the demurrers of certain of the defendants, with leave to the demurring defendants within twenty days from the service of a copy of the interlocutory judgment, to pay the costs and answer the complaint, and directing that otherwise the respective plaintiffs have judgment absolute.

*H. Austin Clark* and *Frederick Collin*, for the appellants.

*Jacob Schwartz* and *Edmund O'Connor*, for the respondents.

MARTIN, J. :

This was an appeal from an interlocutory judgment overruling a demurrer to the plaintiff's complaint. The ground of the demurrer was that the complaint did not state facts sufficient to constitute a cause of action.

The complaints in these actions in substance alleged, that on September 15, 1873, there was a bank instituted at South Waverly, Penn., which was conducted under the name of the "Home Savings Bank;" that it was organized by the election of a president, cashier and board of directors; that the president was dead; that there was no treasurer; that the bank continued to do business during the times hereinafter stated; that in the course of its business the *bank*, through its authorized agents, received money on deposit, issued certificates for moneys so deposited, and held money subject to the check of the depositors; that said bank was never legally incorporated under the laws of any State, or of the United States; that certificates of stock were issued to and held by each of

the defendants before and at the time of the deposit of plaintiff's money in said bank, and each of the defendants was a stockholder in said bank; that the full amount of the stock held by each defendant had been paid up before the deposit of plaintiff's money, and that said defendants shared in the profits of said bank from the receipt of dividends paid from time to time upon their respective shares of stock; that at various times between July 17, 1886, and July 14, 1887, the plaintiffs deposited certain moneys in said bank; that plaintiffs demanded payment of the sums so deposited before the commencement of this action; that no part had been paid, and the plaintiffs demanded judgment against the defendants for the sums so deposited by them.

The complaint in the action of the Merchants' National Bank also contained the following allegation: "That by reason of the aforesaid facts the plaintiff alleges upon information and belief that the above-named defendants were at the times hereinafter named copartners, doing and carrying on the business of banking under the name and style of the Home Savings Bank as aforesaid." We do not think this allegation in any way adds to or strengthens the complaint. It will be observed that it is not an allegation that the defendants were copartners and carrying on business under the name of the Home Savings Bank, but an allegation that by reason of the aforesaid facts the plaintiff alleges, etc. Thus, we see that it is an allegation of a conclusion based upon the facts already alleged, and not the allegation of an independent fact.

The amended complaint in the *O'Hearn Case* contains the following allegation: "The said bank was never legally incorporated, nor was any attempt made to incorporate the same under the laws of any State or of the United States." Substantially, the only question presented upon this appeal is, whether the defendants became jointly or individually liable to the plaintiffs for the money deposited in such bank by reason of the fact that they held what were apparently certificates of stock in a corporation designated as "Home Savings Bank," when, in fact, such bank had not been incorporated under the laws of any State or of the United States, although organized by the election of a president, cashier and board of directors, and when the defendants had not, by word or act, taken any part in such proceedings, or in any business transacted by such bank, as partners,

agents, directors or otherwise, and had no knowledge thereof. The contention of the plaintiffs is, that the bare fact that such bank was not legally incorporated rendered all the alleged stockholders liable as partners to the persons depositing money therein.

, It is stated in the opinion of the learned trial judge that "the defendants were the owners of the business transacted in that institution under the name of 'The Home Savings Bank,' and the business was carried on with the defendants' consent, by their duly authorized agents and managers, consisting of a cashier and a board of directors. * * * The plaintiffs were depositors in said institution, and the defendants had the use and profits of the plaintiffs' fund so deposited. * * * They have been holding themselves out continuously since September 15, 1873, as a banking institution, with a cashier and board of directors. In July, 1887, the institution failed and became wholly insolvent. * * * The plaintiffs deposited their funds with the defendants in some capacity, and they expected such fund to be returned to them. They received and agreed to refund the fund when called for. They failed to do this; the relation of debtor and creditor then existed."

If the foregoing facts are alleged in the complaint, or may, by reasonable and fair intendment, be implied from the allegations therein, then it is quite clear that the judgment appealed from was proper and should be upheld. (*Milliken* v. *Western Union Tel. Co.,* 110 N. Y., 408, and cases cited in the opinion.) But an examination of the complaint, as set forth in the appeal book, fails to show that it contains any such allegations, nor do we think that by any reasonable and fair intendment these facts can be implied from the allegations contained therein. We find no allegation in the complaint that the defendants have performed any act in relation to such bank, or that they had been in any way connected with, or had any knowledge in regard to the management of its business, or in any way authorized or consented to any of the acts performed by others, except that they held what purported to be certificates of stock and received dividends thereon. Nor is there any allegation in the complaint that any articles of association or of incorporation or partnership existed between or were signed by any of the defendants, or that there was any agreement between them under which such business was carried on.

In 2 Morawetz on Corporations (2d ed.), section 748, it is said: "If an association assumes to enter into a contract in a corporate capacity, and the party dealing with the association contracts with it as if it were a corporation, the individual members of such association cannot be charged as parties to the contract, either severally or jointly, or as partners. This is equally true whether the association was, in fact, a corporation or not, and, whether the contract with the association in its corporate capacity was authorized by the legislature or prohibited by law and illegal. * * * If an association undertakes to enter into a contract as a corporation, it is clear that the members of the association do not agree to be parties to the contract severally or jointly. They do not agree to be bound as partners either to each other or to the party contracting with the association. It is equally clear that the party contracting with the association does not intend to contract with its members individually. To treat the individual members of the association as parties to the contract, under these circumstances, would, therefore, involve not only the nullification of the contract which was actually contemplated by the parties, but the creation of a different contract, which neither of the parties intended to make."

In *Fay* v. *Noble* (7 Cush., 188), it was held: The subscribers for and holders of stock in a manufacturing corporation, which has been defectively organized, and transacted business under such defective organization, do not thereby become partners, general or special, in such business. In *Merchants and Manufacturers' Bank* v. *Stone* (38 Mich., 779), it was held that where a body professing to be a corporation has been dealt with expressly as such, those who have dealt with it cannot question its corporate existence for the purpose of charging its members individually as if they were partners.

In *Central City Savings Bank* v. *Walker* (66 N. Y., 424), it was held: To establish a liability against a party as a partner for the acts of others, it must be made to appear that a copartnership was formed by express agreement, or that there was an authorization in advance and a consent to be bound by such acts as a partner, or a ratification of the acts after performance, with full knowledge of all the circumstances, or some act by which an equitable estoppel has been created.

In *Fuller* v. *Rowe* (57 N. Y., 23), it was held: That while

*parties assuming to act* in a corporate capacity without a legal organization as a corporate body are liable as partners to those with whom they contract, to charge any one of them, as such, it must be shown *that he was so acting* at the time the contract sued upon was made, or that upon some consideration he agreed to become liable with the others.

In *Planters and Miners' Bank* v. *Padgett* (69 Ga., 159), where a creditor contracted with a company as a corporation, both parties believing the corporation to exist *de jure* as well as *de facto*, and with no intention at the time of giving credit to or binding the members individually, or as copartners, it was held that an action could not be maintained against them on that account as partners. (See, also, *Hudson* v. *Spaulding*, 25 N. Y. State Rep., 257; *Trowbridge* v. *Scudder*, 11 Cush., 83; *First National Bank of Salem* v. *Almy*, 117 Mass., 476; *Blanchard* v. *Kaull*, 44 Cal., 440, 450.)

In *Stafford Bank* v. *Palmer* (47 Conn., 443), it was held that one who became a stockholder in a corporation, although not properly organized, but who took no part in its organization, and did nothing except to receive a certificate of stock, and afterwards to inquire as to the dividends, was not liable to a plaintiff who had dealt with the company as a corporation, and not on the credit of such stockholder. In delivering the opinion in that case, GRANGER, J., said: "In order to make one man liable for the acts of others, he must either directly or indirectly participate in the acts while they are being done, or must authorize or direct them to be done beforehand, or ratify and approve them afterwards."

The authorities cited would seem to require us to hold that the allegations of the complaint were insufficient to constitute a cause of action, and that the bare fact that the defendants were holders of what appeared to be stock in a corporation, but which was not properly organized, and received dividends thereon, in the absence of evidence of an agreement upon their part to become partners, or of any act which indicated that they were acting as such, or that they had any knowledge of the acts of others in relation thereto, did not make them liable as partners. Nor do we think that the cases relied upon by the respondents would justify us in holding a contrary doctrine.

In *Whipple* v. *Parker* (29 Mich., 370) there was evidence which tended to show that the parties to the proposed corporation had, in

fact, organized a copartnership, and were doing business as such prior to the execution of the articles of incorporation, and in that case it was held that, if such partnership did not previously exist, that the stipulations contained in the articles of incorporation contained all that was essential for the creation of a partnership. Thus, it is seen that the principle of that case does not aid the respondents.

Nor do we think the *National Bank of Watertown* v. *Landon* (45 N. Y., 410) sustains the doctrine contended for by the respondents. In that case the stockholders of a manufacturing corporation, upon the expiration of its charter, *agreed* to continue the business, and appointed one of their members as agent with managing powers, and agreed to furnish money, when called upon by him, to carry on the business in proportion to the stock held by each. It was held that such an agreement constituted a partnership as to third persons within all the authorities, and it was upon that ground that the defendants were held liable.

In *Wells* v. *Gates* (18 Barb., 554) a number of individuals agreed to form an association for the purpose of establishing a newspaper, and appointed three persons as managers, authorizing them, when sufficient capital should be subscribed and paid in or secured, to establish and conduct a paper for the benefit of the stockholders. Two of the managers, when they thought a sufficient amount was subscribed to justify them in purchasing a press and other materials, purchased the same upon credit. It was held that the persons signing the agreement or articles of association were liable as partners for the amount of the debt thus incurred. That decision was based upon the agreement which was subscribed by the parties, whereby there was a consent to engage jointly in the undertaking without further condition or action upon their part. The case of *Pettis* v. *Atkins* (60 Ill., 454) is to the same effect. The other cases cited by the respondents, so far as they bear upon the question under consideration, are based upon some act or agreement of the parties.

We do not think the allegation in the complaint that the defendants shared in the profits of said bank, by the receipt of dividends paid from time to time upon their respective shares of stock, establishes a liability on the part of the defendants as copartners for acts performed by others without their consent. It did not, we think,

amount to a ratification of such acts. (*Central City Savings Bank* v. *Walker, supra.*) Nor do we think that the judgment can be sustained on the ground that the defendants were members of a joint-stock association, and, as such, liable to the plaintiff. We think the allegations of the complaint were insufficient to constitute a cause of action against the defendants as members of such an association, constituted either by agreement, implication of law or otherwise.

If the complaint in this action had alleged that the defendants had acted or were instrumental in organizing such bank by the election of a president, cashier or board of directors, or that they had taken any part in such proceedings, or in any business transacted by such bank, either as principals, partners, agents, directors or otherwise, or that any articles of association, of incorporation or partnership had existed between or been signed by them, or that there was any agreement between the defendants under which such business was carried on, the rule applicable to the case might have been different, but as the complaint contains no such allegations, we think it was insufficient. These considerations lead us to the conclusion that the Special Term erred in overruling the defendants' demurrers.

Interlocutory judgments overruling the defendants' demurrers reversed, with costs of this appeal, and interlocutory judgment ordered in favor of the defendants sustaining such demurrers, with costs, with leave to the plaintiffs to amend their complaints on the payment of such costs.

HARDIN, P. J., and MERWIN, J., concurred.

So ordered.