(13 App. Div. 222.)

MERTZ v. FENOUILLET.

(Supreme Court, Appellate Division, First Department.  January 22, 1897.)

1. ASSOCIATIONS—ATTACHMENT AGAINST—SUFFICIENCY OF WARRANT.
    A warrant of attachment, in an action against an unincorporated associa-
tion in the name of its president, is defective, where it commands the sheriff
only to take the property of "defendant," as it does not reach the "property
belonging to the association, or owned, jointly or in common, by all the mem-
bers thereof," which, under Code Civ. Proc. § 1921, is the only property sub-
ject to execution in such action.

2. SAME—PROCEEDING IN NAME OF PRESIDENT.
    An attachment cannot issue in an action against an unincorporated asso-
ciation in the name of· its president, because the president, as such, has no
property, the title to the property of the association not being vested in him,.
and the law nowhere provides for an attachment against such association..
Per Barrett, J.

Appeal from special term, New York county.

Action by Cornelius Mertz against Theodore Fenouillet as presi-
dent of the Syndicate des Proprietaires, etc., on a contract.  From
an order denying defendant's motion to set aside an attachment pro-
cured by plaintiff, defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY,
WILLIAMS, and PATTERSON, JJ.

J. Kling, for appellant.
F. Lawton, for respondent.

VAN BRUNT, P. J.    This is an action brought against the presi-
dent of a joint-stock association.    The affidavit upon which the at-
tachment was procured alleges that the defendant is the president
of an unincorporated association consisting of more than seven per-
sons, and that the action is brought against him in his representative
capacity.    After setting out certain causes of action, the affidavit
alleges that the defendant, as president of said association, and the
members thereof, are not residents of the state of New York, but are
all residents of France, and that said association is located and
carries on its business at Ollioules, France.    Upon this affidavit a
warrant of attachment was issued, which recites that an application
has been made to the judge granting the warrant, by the plaintiff,
for an attachment against the property of Theodore Fenouillet, as
president, etc., defendant, in an action in the supreme court for New
York county, and that upon such application it duly appeared to the
satisfaction of the judge that a cause of action existed in favor of
the plaintiff against the defendant, etc., and that said defendant and
all the members of said association are not residents of the state of
New York, and that they reside in France.    By this warrant the
sheriff was commanded to attach "so much of the property within
this county which the defendant has or may have at any time before

the final judgment in this action." A motion was made upon these papers to vacate the attachment, upon the ground that no attachment could issue against a joint-stock association, and, further, that no ground for the issuance of an attachment such as the one in question was shown to exist.

Upon an examination of the provisions of the Code in reference to actions by or against an unincorporated association, it will be seen that section 1921, among other things, provides that, where a judgment is docketed for a sum of money in such an action, an execution issued thereon must require the sheriff to satisfy the same out of any personal property belonging to the association, or owned jointly or in common by all the members thereof, omitting any direction respecting real property. In the case at bar the attachment is issued against the defendant as president, and not against the property belonging to the association, or owned jointly or in common by all the members thereof. The president of a joint-stock association does not own the property of the association; and hence it would appear that no process whatever has been issued against the association, and if a judgment were obtained in this action the execution would run against property entirely different from that which was sought to be made the subject of levy under the warrant of attachment. It is clear that the judgment must follow the attachment, as it is only attached property which may be reached by execution in an action of this description. This seems to be fatal to the warrant, which would not authorize the sheriff to take any property belonging to the association, or owned jointly or in common by all the members thereof.

The order must be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs. All concur.

BARRETT, J. (concurring). The Code of Civil Procedure makes no provision for an attachment against an unincorporated association sued in the name of its president or treasurer, under the provisions of section 1919. The attachment which is authorized by section 635 of the Code is an attachment against the property of one or more defendants. These defendants, as specified in section 636, must either be natural persons or corporations, and the warrant must run against their property. The execution authorized in an action against the president or treasurer of an unincorporated association runs, not against the property of the defendant, but against the property of the association. The law does not vest the title to that property in either the president or treasurer of the association. An attachment, consequently, cannot run against the property of either of these officers as such, for as such they have no property. The action, though in name against the officer, is in substance against the association, and the law makes no provision for an attachment against such an association. The plaintiff could have sued the members of the association, if he had chosen to do so (Code Civ. Proc. § 1923; Schwartz v. Wechler, 20 N. Y. Supp. 861; Humbert v.

Abeel, 7 Civ. Proc. R. 417; Hudson v. Spaulding [Sup.] 6 N. Y. Supp. 877); and, as they are all nonresidents, he could have had an attachment against them which would have run against the property of the association. But he has chosen to proceed against the president as such, and in that action he is confined to the remedies afforded by sections 1919–1924 of the Code. These do not embrace an attachment against the property of the association, either directly or indirectly, and they plainly exclude an attachment under sections 635 and 636.

I agree that the order should be reversed, and the attachment vacated.