## ISEAR v. HOADLEY et al.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

MISJOINDER OF CAUSES OF ACTION—DISMISSAL OF COMPLAINT.

> A complaint was improperly dismissed on motion for misjoinder of causes of action, since, by Code Civ. Proc. § 499, the objection is waived unless taken by demurrer or answer.

Appeal from trial term, New York county.

Action by Sacharize Isear against Russell H. Hoadley and others. From a judgment for defendants, entered on dismissal of the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Abram I. Spiro, for appellant.

RUMSEY, J. The action was brought upon what is known as a Lloyd's policy of insurance for $2,500. The policy was annexed to the complaint, and made a part of it. It was substantially an agreement by the defendants, who were subscribers to it, by which they agreed to insure the separate amounts placed after their names, respectively, and separately in the same amounts insured the plaintiff's assignor for the term of one year from the 16th of October, 1894, to the 16th of October, 1895, against loss or damage by fire, to an amount not exceeding $2,500. The complaint contained the other necessary allegations to warrant a recovery. All the subscribers to the policy were joined as defendants in this action. They jointly answered, setting up various defenses. Upon the trial of the action a motion to dismiss the complaint upon the opening was made upon the ground that there was a condition in the policy providing that all the underwriters could be sued separately in separate actions, whereas in this action the plaintiff had joined all the defendants. The motion was granted, and the plaintiff's counsel excepted, and from the judgment entered upon the dismissal of the complaint this appeal is taken.

We are quite clear that the dismissal of the complaint upon the ground stated was erroneous. The defendants' objection to the complaint was that there was a misjoinder of causes of action. This objection appeared on the face of the complaint, but no notice was taken of it by demurrer, as it might have been, nor did the defendants object to the misjoinder by their answer. The Code provides that, if that objection is not taken either by demurrer or answer, the defendant is deemed to have waived it. Code Civ. Proc. § 499. Within that rule, it was the duty of the court to have paid no attention to this objection, and it was erroneous to dismiss the complaint because of it.

The judgment, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. All concur.