VAN BRUNT, P. J., O'BRIEN, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.

---

HARRY L. WILLIAMSON, Respondent, *v.* MORTIMER H. WAGER, as President of the CONSOLIDATED STOCK AND PETROLEUM EXCHANGE OF NEW YORK, Appellant.

*Pleading — general statements qualified by additional averments — conclusions of law distinguished from statements of fact — allegation of membership in a voluntary association — a pleading demurred to liberally construed — allegations under which proof sufficient to sustain a cause of action may be given — facts should be stated according to their legal effect, not evidence — what complaint to require a stock exchange to admit a member to its privileges is sufficient.*

Where general statements in a pleading are qualified by additional averments, they may be read with the qualified phrase for the purpose of determining, on demurrer, whether the statements are statements of fact or conclusions of law; this is true, even when the allegation without the qualified phrase would be a sufficient allegation ·of fact, whereas, with the qualification, it necessarily becomes a mere conclusion of the pleader.

Pleadings containing conclusions of law may, nevertheless, be sustained, where there are elements of fact mixed with the legal inference, from which the character of the contract or transaction upon which the action is based and the nature of the liability may be seen.

The mere fact of membership in a voluntary association does not, of itself, give that member rights of which the court may take judicial notice. The member has only such rights as the constitution and by-laws of the association give him.

On demurrer the pleading demurred to should not be construed strictly against the pleader, but all the facts stated therein, as well as those which, by reasonable intendment, may be implied therefrom, must be assumed to be true.

If a plaintiff, under the averments of his complaint, would be entitled to give the necessary evidence to sustain his cause of action, the complaint is not demurrable.

Facts may be stated according to their legal effect, and where the result to be stated is the result of other facts, the result of the facts, not those furnishing evidence thereof, should be stated.

·The complaint in an action brought against the president of the Consolidated Stock and Petroleum Exchange of New York alleged that the exchange was a voluntary association composed of 1,546 members, and that the object thereof was to furnish facilities for the purchase and sale of certain commodities and securities; that there existed an independent corporation, all of the stockholders of which were members of the association, which corporation was organized for the purpose of holding for the association the title to certain property in which the members of the association met and transacted business; that said privilege of transacting business in such premises was of great value to the individual members thereof, and had a large established market value; that the association was the owner of a certain interest fund amounting to upwards of $400,000, to which the plaintiff had contributed largely; that membership in the association carried with it a valuable reputation and established the good name and fame of the member; that since the year 1892 the plaintiff had been and now is a member of the association in the active enjoyment of all the rights, privileges and property incident to said membership; that on October 5, 1900, the defendant association prevented and has continued to prevent the plaintiff from participating in the rights and privileges of membership and has refused and now continues to refuse to allow him to transact business on the floor of the exchange, by reason of which he has suffered damage in the sum of $50,000.

The constitution, by-laws, articles of association or other agreement, by virtue of which the plaintiff acquired his rights in the association, were not set forth.

He demanded judgment that he be declared a member of the association in full and good standing and that the defendant be restrained from preventing him from transacting business on the floor of the exchange and from interfering with the exercise of his rights and privileges of membership, and that he be awarded damages.

*Held,* that the complaint was not demurrable;

That the description of the purposes and object of the association and the maintenance of the building in which it conducted its business, and the relations of the members of the association, was a sufficient averment of the effect of the constitution under which the association did business;

That as the character of the association was set forth, it was a fair and reasonable intendment to be drawn from the complaint that the plaintiff had the right to participate in the affairs of the association and go upon the floor of the exchange, which were the rights alleged to have been violated by the defendant.

APPEAL by the defendant, Mortimer H. Wager, as president of the Consolidated Stock and Petroleum Exchange of New York, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York, on the 9th day of June, 1903, upon the decision of the court,

rendered after a trial at the New York Special Term, overruling the defendant's demurrer to the complaint.

*Francis D. Pollak,* for the appellant.

*Egerton L. Winthrop, Jr.,* for the respondent.

Interlocutory judgment affirmed, with costs, upon the opinion in the court below, with leave to defendants to withdraw demurrer and to answer upon payment of costs in this court and in the court below.

The following is the opinion of CLARKE, J., delivered at Special Term:

CLARKE, J.:

This is a suit for an injunction and for damages brought by the plaintiff, as a member, against the defendant, as the president of the Consolidated Stock and Petroleum Exchange of New York. The defendant has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The particular defect which the defendant points out is that the plaintiff fails to show the existence of rights in himself which he claims have been violated by the defendant, that the only allegations of rights existing in the plaintiff are mere conclusions of law. I am of opinion that this criticism, as to some of the allegations of the complaint, is well founded. The averments that " each of the members of said association is possessed, in virtue of said membership, of the title in common in and to the said real and personal property, and is the owner and holder, also, of the privilege and opportunity and business, not only in common with the other members of the said association, but also particular and exclusive to himself and growing out of his membership," and that " such property is owned and possessed and enjoyed by him in and through his said membership," are conclusions of law.

Upon a demurrer to a complaint which alleged " that by reason of the aforesaid facts, the plaintiff alleges, upon information and belief, that the above-named defendants were, at the times hereinafter named, copartners, doing and carrying on the business of banking under the name and style of the Home Savings Bank as aforesaid," Judge MARTIN said : " It will be observed that it is not an allegation that

the defendants were copartners  *  *. *, but an allegation that by reason of the aforesaid facts the plaintiff alleges, etc.   Thus we see that it is an allegation of a conclusion based upon the facts already alleged and not the allegation of an independent fact." (*Seacord* v. *Pendleton*, 55 Hun, 579 ; S. C., *sub. nom. Merchants' Nat. Bank* v. *Pendleton*, 9 N. Y. Supp. 46.)   Judge EARL, in *Sheridan* v. *Jackson* (72 N. Y. 170, 173), says: "The allegation that he (the plaintiff) was entitled to the possession of the land and to the rents and profits is a mere allegation of a conclusion of law.   The facts should have been alleged from which such a conclusion of law could have been drawn."   So, also, in other jurisdictions, an allegation that plaintiff is entitled without alleging the facts from which his title may be seen has been held to be a conclusion of law. (*Garner* v. *McCullough*, 48 Mo. 318 ; *Brown* v. *Phillips*, 71 Wis. 239.) Where general statements are qualified by additional averments they must be read with the qualifying phrase.   This is true even when the allegation without the qualifying phrase would be a sufficient allegation of fact, whereas with the qualification it necessarily becomes a mere conclusion of the pleader. (*Page* v. *Boyd*, 11 How. Pr. 415 ; *Turner* v. *White*, 73 Cal. 299.)   But pleadings containing conclusions of law may nevertheless be sustained where there are elements of fact, mixed with the legal inference, from which the character of the contract or transaction upon which the action is based and the nature of the liability may be seen. (Bliss Code Pl. § 213.)   The question, therefore, presented is whether the complaint contains a statement of facts which, by substantive law, entitles the plaintiff to the aid of the court in his behalf against the defendant. (Phillips Code Pl. § 323 ; *Allen* v. *Patterson*, 7 N. Y. 476 ; *Bristol* v. *R. & S. R. R. Co.*, 9 Barb. 158.)   The mere fact of membership in a voluntary association does not of itself give that member rights of which the court may take judicial notice. That a person acquires by his admission to membership only such rights as the constitution and by-laws of the association give him was established by *Belton* v. *Hatch* (109 N. Y. 593, 597).   Under the rule that pleadings are not to be construed on demurrer strictly against the pleader, the facts stated in the complaint, as well as such as may by reasonable and fair intendment be implied from the allegations made, must be assumed to be true. (*Wenk* v. *City of N. Y.*, 171

N. Y. 607; *Coatsworth* v. *Lehigh Valley R. R. Co.*, 156 id. 451; *Sanders* v. *Soutter*, 126 id. 193; *Milliken* v. *Western Union Tel. Co.*, 110 id. 403.) The averments would be sufficient if, under them, the plaintiff would be entitled to give the necessary evidence to establish his cause of action. (*Rochester Ry. Co.* v. *Robinson*, 133 N. Y. 242, 246; *Berney* v. *Drexel*, 33 Hun, 34, 37.) The statement of the averments may be argumentative and the pleading deficient in technical language. (*Sanders* v. *Soutter*, 126 N. Y. 195; *Milliken* v. *Western Union Tel. Co.*, 110 id. 403.) Looking at the complaint, with these rules in mind, it will be seen that the defendant admits that the Consolidated Stock and Petroleum Exchange of New York is a voluntary association of 1,546 members, of which the defendant Wager is the president; that the purpose and object of the association is to furnish facilities for the purchase and sale of petroleum, stocks, bonds and other securities, agricultural and commercial products, ore, metals and other minerals; that the exchange performs the public function of establishing and announcing to the world constantly the values of various securities and properties; that there exists a New York corporation known as the Consolidated Stock and Petroleum Exchange Building Company, all the stockholders of which are members of the exchange, and only such members are interested in the building company; that the building company is a part of the defendant association, composed within the association, for the purpose of holding for the association the title of various real and personal property, situate within the county of New York, of the value of $500,000 and upwards, and in the building of the said company the members of the association have for many years met and congregated and do now meet and congregate for the transaction of business; that said privilege is of great value to the individual members of the said association and has a large established market value; that the association is possessed of and is the owner of a certain gratuity or interest fund of upwards of $400,000, to which plaintiff has largely contributed; that membership in the association carries with it, throughout the world, a valuable reputation and establishes the good name and fame of the member; that plaintiff has been since the year 1892 and now is a member of the exchange in the active enjoyment of all the rights and privileges and property incident to such

membership, which constitutes plaintiff's business; that on or about the 5th day of October, 1900, the defendant association, its officers, members, servants and agents prevented and now prevent this plaintiff in participating in the rights and privileges of membership in the association, and have refused and continue to refuse to allow him to go upon the floor of the exchange or to transact any business as a member, by reason of which he has suffered damage in the sum of $50,000. Wherefore, the plaintiff prays for judgment that he was and now is a member of the association in full and good standing; that the defendant be restrained from preventing his going freely upon the floor of the exchange and transacting business there, and from interfering with the exercise and enjoyment of all the rights and privileges of membership, and for damages. It will be observed that there is no specific mention in this complaint of the constitution, by-laws or articles of association, or other agreement, by virtue of which the plaintiff has acquired his rights, but I am of the opinion that the description of the purposes and object of the association and the maintenance of the building in which it conducts its business, and the relations of the members of the association, are a sufficient averment of the effect of the constitution under which the association does business. It is a well-established rule that facts may be stated according to their legal effect (*Rochester Ry. Co.* v. *Robinson*, 133 N. Y. 242, 246; *Brown* v. *Champlin*, 66 id. 214; *Thayer* v. *Gile*, 42 Hun, 268), and where the fact to be stated is the result of other facts, the resultant facts, not those furnishing evidence thereof, should be stated. (*Gleitsmann* v. *Gleitsmann*, 60 App. Div. 371; *Badeau* v. *Niles*, 9 Abb. N. C. 48; *Prickhardt* v. *Robertson*, 4 Civ. Proc. Rep. 112.) The constitution of the association or other agreement may well be evidence of the facts alleged. As the character of the association, in which the plaintiff for many years has been a member, is set forth, it is a fair and reasonable intendment to be drawn from the complaint that he has the right to participate in the affairs of the association and go upon the floor of the exchange, which are the rights alleged to have been violated by the defendant. *Young* v. *Eames* (78 App. Div. 229) was evidently followed by the pleader when this complaint was framed, although the sufficiency of such a complaint was not directly tested in that case. The form of complaint is evidently

chosen for the same purpose of intending to place upon the defendant the burden of sustaining the validity of the action of the association in preventing the plaintiff from going upon the floor of the exchange and exercising the rights of membership. I am unable to discover any reason for holding that this may not be done as the justification for the action of the association may very properly be set up in the answer by way of confession and avoidance. (*Baxter* v. *McDonnell*, 155 N. Y. 83, HAIGHT, J., at p. 100.)

Demurrer overruled, with the privilege to answer within twenty days upon payment of costs.