### PECKHAM v. WENTWORTH et al.

(City Court of New York. Trial Term. January, 1909.)

1. ASSOCIATIONS (§ 20*)—ACTIONS—PARTIES—DEFENDANTS.

Where a note is signed in the name of an unincorporated association, by its treasurer, plaintiff may, at his option, bring action thereon against the individual members of the association, as authorized at common law, or against the president or the treasurer of the association, as authorized by Code Civ. Proc. § 1923.

[Ed. Note.—For other Cases, see Associations, Cent. Dig. §§ 36–40; Dec. Dig. § 20.*]

2. PARTIES (§ 84*)—NONJOINDER—OBJECTIONS.

The objection to the nonjoinder of parties defendant is not sufficiently raised by a general denial.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 134–142; Dec. Dig. § 84.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PARTIES (§ 84*)—DEFECTS—WAIVER.
    Where the objection to the nonjoinder of parties defendant is not raised by demurrer or answer, it is deemed waived.
    [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 134–142; Dec. Dig. § 84.*]

Action on a note by Reuben Peckham against George L. Wentworth and others. There was a verdict for plaintiff, and defendants moved to set the same aside. Motion denied.

Fitzgerald & Nehrbas, for plaintiff.
William D. Farrington, for defendants.

FINELITE, J. The plaintiff herein brought this action against George L. Wentworth, Elmore F. Austin, Eben E. Acker, H. H. Badenhauser, Malcom Baxter, Jr., Clinton Stevenson, Joseph Cipollari, John J. Egan, Frank O. Sauvan, Abraham L. McKensie, George Hiecke, Benjamin D. Jacobs, Charles G. Stevenson, Julius Tannenbaum, John P. Devane, E. J. Connelly, John M. Waldron, E. H. Wilkinson, Paul Loeser, and John E. Kirby to recover on a promissory note, of which the following is a copy:

"New York, October 5, 1907. $1,300.00. Four months after date I promise to pay to the order of Lieut.-Col. John E. Kirby thirteen hundred 00-100 dollars at New Amsterdam National Bank. Value received. No. 24. Due Feb. 5, '07. Board of Officers, 8th Battalion, N. G., N. Y., by Geo. L. Wentworth, Treasurer."

It appears that the note was before maturity and for value indorsed and delivered by Lieut.-Col. John E. Kirby, the payee thereof, to Thos. Reilly Company. The latter company subsequently assigned the same to plaintiff. The case proceeded to trial and was determined in a direction to the jury to find for the plaintiff in the sum of $1,300, together with $74.75 interest, making a total of $1,374.75. The defendants then moved to set aside the verdict and for a dismissal of the complaint, both of which motions were taken under advisement.

The defendant contends that the complaint should be dismissed for the reason that the action was against an association known as the "Board of Officers, 8th Battalion, N. G., N. Y.," and not against the individuals composing said board of officers, and upon the further ground that the action, as he claims, being against an unincorporated association and brought under section 1919 of the Code of Civil Procedure, in default of the action being brought against the president or treasurer as such of an unincorporated association, it must be brought against all the members, citing Schwartz v. Wechler, 2 Misc. Rep. 67, 20 N. Y. Supp. 861. There would be substance in defendant's contention if this action was brought against an unincorporated association, but the fact is the action is against certain individuals who are designated as being the members of the Board of Officers, 8th Battalion, N. G., N. Y. The plaintiff had a right to institute his action for the collection of this promissory note against the members constituting said board, because that method was given to him by the common law. It was optional with him to commence his action against

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the president or treasurer of the said Board of Officers, 8th Battalion (Section 1923, Code Civ. Proc.) or against the individual members composing said association. He chose the latter. As I understand this case, it resolves itself to this: That the individuals sued authorized the defendant Wentworth to make the note in question and on their behalf. The mere fact that the note was signed "Board of Officers, 8th Battalion, by Geo. L. Wentworth, Treasurer," does not in any way lessen the liability of those individuals who were sued and found to be members of the said Board of Officers, 8th Battalion, and I believe the debt in question is the debt of the members of the said Board of Officers, 8th Battalion.

The defendant contends, further, that the present action is not maintainable because all the members of the Board of Officers were not made parties defendant; but the record shows that at the time of making the note in suit the following members of the Board of Officers were present: McKensie, Loeser, Cipollari, Tannenbaum, and Sauvan —and the defendants Austin, Wentworth, Acker, Badenhauser, Baxter, and Stevenson, were not members of the said board, and by consent the action was dismissed as to them. The defendants simply interposed a general denial. I believe that the nonjoinder of the parties defendant was not sufficiently raised by the plea interposed. Had it been properly raised, there would be no question that the defect would be a bar to this action. Section 488, subd. 6, and section 498, Code Civ. Proc.

Where there is a defect of parties plaintiff or defendant, and the defendant does not demur or answer on this ground, he cannot for the first time raise the question on the trial; and, not taking it as provided in the Code, it is deemed waived. Farwell v. Importers' & Traders' Nat. Bank, 90 N. Y. 483.; Isear v. Hoadley, 44 App. Div. 161, 60 N. Y. Supp. 609. The case of Schwartz v. Wechler is an authority, as I read it, against defendant on the question of nonjoinder, and there it was explicitly held that it was not necessary for plaintiff, as a condition to the maintenance of this action, to first bring suit against the president or treasurer of the Board of Officers. Humbert v. Abeel, 7 Civ. Proc. R. 417–421; Hudson v. Spalding, 53 Hun, 638, 6 N. Y. Supp. 877. Of course, the individuals who were sued in this action and who were found to be members of the Board of Officers will be compelled to bear the burden of this debt; but, if this question of nonjoinder was properly raised, the persons not joined, and who escape by reason thereof, would be compelled to share the burden of the debt, which now falls upon the shoulders of those sued. It seems to me that the plaintiff, who succeeded to the rights of the Thomas J. Kirby Company, a bona fide holder in due course, for value, and without notice, of the note in suit, is entitled to have the verdict stand against all defendants sued and who were members of the Board of Officers, which include Abraham L. McKensie, Paul Loeser, Edward H. Wilkinson, Julius T. Tannenbaum, Frank O. Sauvan, and John E. Kirby.

Motion to set aside verdict denied. Defendant may have an exception, 10 days' stay, and 30 days to make a case.