## ·DARRAH *v.* BOYS.

*(Common Pleas of New York City and County, General Term.* **June 2, 1890.)**

PAYMENT—EVIDENCE.

Plaintiff testified that defendant, a broker, had sold a note for him, and that he had refused to pay over the proceeds. Defendant gave evidence tending to show that the relation of banker and customer existed between him and plaintiff, and that he had paid out such proceeds on checks drawn by plaintiff. A letter from plaintiff was put in evidence in which he spoke of leaving money on deposit with the defendant. *Held,* that a judgment for plaintiff for such proceeds would not be disturbed.

Appeal from trial term.

Action by James N. Darrah against James Boys. Judgment was given for plaintiff, and defendant appeals.

Argued before LARREMORE, C. J., and BOOKSTAVER, J.

*J. M. Ferguson, (John A. Deady,* of counsel,) for appellant. *Carrington & Emerson,* for respondent.

BOOKSTAVER, J. The defendant is, and at the time of his transactions with the plaintiff was, a broker and banker and a dealer in commercial paper. Before the acts complained of, the defendant had sold for the plaintiff a promissory note, receiving one-half the amount in cash, and the other half in another note. On the 27th of June, 1888, plaintiff delivered to the defendant a note for $4,567.12, which the latter was to sell on the same terms, and, as plaintiff claims, was to pay over the cash realized therefor, less the discount, to him, upon receiving it. Subsequently the defendant received $1,200 cash on account of the note, and never received more, the difference being in some way settled between the plaintiff and the purchaser without defendant's intervention. Before the commencement of this action plaintiff demanded the cash received on this note of the defendant, which was refused. Thereupon this action was commenced for the conversion of the proceeds. The defense interposed was a denial of the conversion and payment. The answer also set up a counter-claim, which was stricken out on demurrer. On the trial the plaintiff testified to his version of the transaction as above set forth, and the defendant gave evidence tending to prove payment in full, and also that the relation of banker and customer existed between the parties, and that the $1,200 had been credited to the plaintiff on his account as such customer, and paid out as directed by him. It was shown on the part of the defendant that plaintiff had drawn a number of checks on the defendant, but plaintiff claimed that these were drawn at defendant's request, instead of paying cash, except in a few instances, when they were drawn for small amounts, and then the plaintiff arranged with the defendant for their payment when presented. The defendant also introduced in evidence a letter written by the plaintiff to him, in which he says: "I told them [the Mount Morris Bank] I kept an account with you, so take care and give me a good send-off. I will see you in the morning, and hope there will be no further delay about Clarke. I want to keep an account with you, and remember the more money we get from Clarke the more I can afford to leave on deposit with you." This, in our opinion, went far to corroborate defendant's theory; but this, together with the accounts tending to show payment and an actual indebtedness of the plaintiff to defendant, and all the other circumstances in the case, were fairly submitted to the jury in a charge to which the defendant took no exception, and they rendered a verdict in favor of the plaintiff. We have carefully examined the conflicting testimony in this case with the aid of the oral arguments and briefs of both parties, and, while we might have arrived at a different result, we cannot say that the preponderance of evidence is so great as to authorize us to reverse the judgment on that account, in the absence of anything

tending to show that there was a mistake on the part of the jury, or that they were influenced by bias, passion, prejudice, or corruption. No other question being raised by the appeal of this case, the judgment should be affirmed, with costs.